**COMMERCE OIL REFINING CORPORATION**

v.

**William W. MINER et al.**

**Civ. A. No. 2113.**

United States District Court
D. Rhode Island.

Sept. 29, 1961.

See also 170 F.Supp. 396.

---

Letts & Quinn, Providence, R. I., Daniel J. Murray, Providence, R. I., of counsel for plaintiff.

Cornelius C. Moore, Newport, R. I., Salvatore L. Virgadamo and Francis J. Boyle, Newport, R. I., of counsel for respondent.

DAY, District Judge.

This matter is now before me upon the defendants' motion under Rule 54(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. to review the taxation of costs in favor of the plaintiff. When this case was reached for trial the plaintiff's complaint was dismissed with prejudice and the trial proceeded upon the merits of the defendants' counterclaim wherein they sought injunctive relief. After a lengthy trial, judgment was entered by this Court in favor of the defendants on said counterclaim. Plaintiff claimed an appeal from this judgment and thereafter a final judgment was entered on said appeal in favor of the plaintiff, vacating the judgment of this Court and dismissing said counterclaim. Subsequently, the plaintiff submitted a bill of costs amounting to $32,444.01 which was allowed by the Clerk of this Court, as of course, in accordance with the terms of said rule.

Title 28 U.S.C.A. § 1920 provides as follows:

"A judge or clerk of any court of the United States may tax as costs the following:

"(1) Fees of the clerk and marshal.

"(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case.

"(3) Fees and disbursements for printing and witnesses.

"(4) Fees for exemplification and copies of papers necessarily obtained for use in the case.

"(5) Docket fees under section 1923 of this title.

"A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

The bill of costs as filed by the plaintiff and taxed is as follows:

| "Fees of clerk | $ | 20.00 |
|---|---|---|
| Fees of marshal | | 89.62 |
| Fees of Court Reporter for all or any part of the stenographic transcript necessarily obtained for use in the case | | 7,496.45 |
| Fees and disbursements for printing | | 4,566.63 |
| Fees for witnesses | | 19,130.29 |
| Fees for exemplification and copies of papers necessarily obtained for use in the case | | 343.17 |
| Docket fee under 28 U.S.C.A. § 1923 | | 20.00 |
| Costs incident to taking depositions | | 777.85 |
| | $ | 32,444.01" |

After oral arguments upon said motion, the parties submitted extensive briefs in support of their respective contentions concerning each of said items. In my opinion said costs should be revised and allowed only to the extent and in the amounts hereinafter set forth.

### Fees of Clerk, Fees of Marshal, Costs Incident to Taking of Depositions

Examination of the record discloses that the costs claimed for the above items were, with the exception of the sum of $5 paid to the clerk as the filing fee on its claim of an appeal from the judgment of this Court in favor of the defendants on their counterclaim, incurred by the plaintiff in connection with the plaintiff's original complaint, which was dismissed with prejudice. Under the circumstances, the plaintiff was not the prevailing party as to said complaint and is not entitled to costs incurred in connection therewith.

Fees of the Court Reporter for All
or any Part of the Transcript
Necessarily Obtained for
Use in the Case

■■ The trial of this case required forty-two days. Counsel for the parties ordered a daily transcript of the testimony. In fact several copies were furnished to them at their request, and one copy was furnished to the Court. Although it was not requested by me, it proved helpful during the protracted trial. It is the general rule that where a trial is long and involves complex issues and a daily transcript is obtained, the prevailing party may be allowed the cost of one copy thereof. Additional copies are to be regarded as having been obtained for the convenience of counsel. Kemart Corporation v. Printing Arts Research Laboratories, Inc., 9 Cir., 1956, 232 F.2d 897, 57 A.L.R.2d 1234; Perlman v. Feldmann, D.C.Conn.1953, 116 F.Supp. 102. The cost of a single copy of the transcript appears to have been $1,767.90. This item of the plaintiff's bill of costs is allowed in that amount.

Fees and Disbursements
for Printing

■ According to the plaintiff, this item amounting to $4,566.63 represents the cost of printing the briefs which were filed with me at the conclusion of the trial. There is no rule of this Court and there was no order entered herein requiring that the briefs submitted by the parties should be printed. Plaintiff elected to file printed rather than typewritten briefs, which are customarily filed in this Court. Plaintiff cites and relies upon the case of Kenny v. United States, D.C.N.J.1954, 118 F. Supp. 907, as authority for the allowance of the expenses of printing briefs as an item of taxable costs. A careful reading of the opinion fails to disclose any dispute between the parties as to the propriety of the allowance of said expenses. It may well be that there was a local rule or order entered requiring that the briefs be printed. In any event, the printing of the plaintiff's briefs was not necessary in this case and this item in its bill of costs is disallowed.

Fees for Witnesses

This item, as claimed in plaintiff's bill of costs, amounts to $19,130.29. Annexed to its bill of costs is a list of its witnesses, the number of days each is claimed to have been in attendance at court, the mileage for each, the subsistence paid to each, etc. In addition, plaintiff in its bill included expert witness fees of varying amounts per day for eleven of its witnesses.

Title 28 U.S.C.A. § 1821 provides that any witness attending in a court of the United States shall receive $4 for each day's attendance, and for the time necessarily occupied in going to and returning from the same, and 8 cents per mile for going from and returning to his place of residence. And in addition, with certain exceptions not pertinent here, such witnesses who attend at points so far removed from their respective residences as to prohibit return thereto from day to day are entitled to an allowance of $8 per day for subsistence, including the time necessarily occupied in going to and returning from the place of attendance.

■ Subsequent to the hearing on the instant motion, counsel for the parties at my suggestion filed with me a stipulation as to the number of days each of the witnesses listed on said schedule, annexed to plaintiff's bill of costs, actually testified in court. Since there has been no showing that any of said witnesses necessarily attended in court longer than the number of days he or she testified, the allowance of witness fees for a particular witness should and will be limited to the number of days he or she testified and the days, if any, required for the travel of said witness to and from this Court. The allowance for the subsistence of a particular witness will be similarly limited.

■ It is well settled that the fees of expert witnesses in excess of the witness fees provided in Title 28 U.S.C.A. § 1821

are not allowable as costs in the federal courts. Henkel v. Chicago, etc., Ry., 1932, 284 U.S. 444, 52 S.Ct. 223, 76 L.Ed. 386; Cheatham Electric Switching Device Co. v. Transit Development Co., 2 Cir., 1919, 261 F. 792; Allen v. County School Board of Prince Edward County, D.C.Va.1958, 164 F.Supp. 786; Firtag v. Gendleman, D.C.D.C.1957, 152 F.Supp. 226; Department of Highways v. McWilliams Dredging Co., D.C.La. 1950, 10 F.R.D. 107, affirmed 5 Cir., 1951, 187 F.2d 61.

█ In its bill of costs the plaintiff has claimed mileage at the statutory rate for each witness for going from and returning to his place of residence. Defendants contend that said mileage allowance, under said section 1821, should be limited to the effective range of a subpoena issuing from this Court. Under Rule 45(e) (1) of the Federal Rules of Civil Procedure, a subpoena may be served only at any place within this district or at any place without this district that is within 100 miles of the place of trial.

Some early cases in the First Circuit might seem to support the plaintiff's claim that said mileage allowance to a witness should be based on the actual distance between the residence of such witness and the place of trial. United States v. Sanborn, C.C.D.Mass.1886, 28 F. 299; The City of Augusta, 1 Cir., 1897, 80 F. 297; The Governor Ames, 1 Cir., 1910, 187 F. 40. It is clear, however, that the Court of Appeals in 1910 did not consider that it had approved any rule permitting taxation of costs for travel beyond the point where a subpoena could be legally served, for in the last cited case, the Court said at page 50:

"* * * The rule permitting taxation of travel beyond a point where a subpoena can reach a witness is peculiar to this circuit. It was adopted by us in The City of Augusta, [1 Cir.], 80 F. 297, 304, 25 C.C.A. 430, for the reason that we concluded to abide by the long-continued construction of the law given by the federal judges in this circuit. We have never expressly approved it as consonant with our own views of the law. It is liable, as it is easy to see, to great abuse unless its application is in some way checked or limited * * *."

The great majority of the federal courts have limited the allowance for travel for witnesses from outside a federal district to 100 miles each way, that being the territorial limitation on the range of a subpoena served outside the district under said Rule 45(e) (1). Kemart Corporation v. Printing Arts Research Laboratories, Inc., supra; Friedman v. Washburn Co., 7 Cir., 1946, 155 F.2d 959; Vincennes Steel Corporation v. Miller, 5 Cir., 1938, 94 F.2d 347; Perlman v. Feldmann, supra; Lee v. Pennsylvania R. Co., D.C.Pa.1950, 93 F. Supp. 309; Kenyon v. Automatic Instrument Co., D.C.Mich.1950, 10 F.R.D 248; Barnhart v. Jones, D.C.W. Va.1949, 9 F.R.D. 423.

In Barnhart v. Jones, supra, the Court said at page 425:

"* * * The effect of a subpoena served outside the district is limited to 100 miles from the place of trial, and it seems only reasonable to infer that Congress must have intended to limit the taxation of mileage to the same distance. If a court in a country as vast as ours permitted taxation of the entire mileage of witnesses without limitation as to distance, an unbearable burden would be imposed upon the conduct of litigation. Such a course might in some cases lead to a result whereby costs would be greater than the amount of the recovery.

"Economy in litigation is an essential element of justice. Taxation of unlimited mileage allowances is in derogation of this principle, and cannot be permitted."

In the absence of any authoritative holding by the Court of Appeals for the First Circuit, I am constrained to follow the reasoning and logic of the rule prevailing in the majority of the federal courts. This rule imposes no undue hardships on a litigant, in view of the liberal provisions of Rule 26 of the Federal Rules of Civil Procedure for the taking of the depositions of persons living outside the district where a case is pending, and for their use at the trial of such case. In the event a litigant feels that the testimony of a witness in person is essential, it is only right and proper that such litigant should bear the excess in cost incident to his personal appearance before the trial court. Accordingly, the allowance for mileage for witnesses residing outside this district shall be limited to 100 miles each way.

### Fees for Exemplification and Copies of Papers Necessarily Obtained for Use in the Case

Under the provisions of 28 U.S.C.A. § 1920, fees for the exemplification and copies of papers are taxable as costs if they were reasonably obtained for use in the case. The papers for which such fees are claimed by the plaintiff were used in this case and it is clear that they were necessary. The amount claimed therefor by the plaintiff is $343.17. There has been no showing that this amount is excessive or unreasonable. Its taxation as a part of the costs allowable to the plaintiff was proper. Hansen v. Bradley, D.C.Md. 1953, 114 F.Supp. 382; Banks v. Chicago Mill & Lumber Co., D.C.Ark.1950, 106 F.Supp. 234.

### Docket Fee under Title 28 U.S.C.A. § 1923

The docket fee of $20 is allowed. In accordance with the findings and conclusions hereinbefore expressed, the Clerk will tax the following items only, in the respective amounts indicated, as the costs properly taxable in favor of the plaintiff:

| | |
|---|---:|
| Fees of Clerk | $ 5.00 |
| Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case | 1,767.90 |
| Fees for witnesses | 681.44 |
| Fees for exemplification and copies of papers necessarily obtained for use in the case | 343.17 |
| Docket fee under 28 U.S.C.A. § 1923 | 20.00 |
| Total | $2,817.51 |

An appropriate order will be entered vacating said taxation of costs insofar as it is inconsistent with the aforesaid allowance, and providing that said costs shall be taxed in the manner and in the amounts above set forth.