Antonio NUZZO, Plaintiff-Appellee,

v.

REDERI A/S WALLENCO, STOCK-HOLM, SWEDEN, Defendant-Appellant.

No. 205, Docket 28464.

United States Court of Appeals Second Circuit.

Submitted Dec. 4, 1963.

Decided Dec. 20, 1963.

Thomas F. Molanphy, New York City (Haight, Gardner, Poor & Havens, New York City) (William P. Kain, Jr., New York City, of counsel), for defendant-appellant.

No appearance for plaintiff-appellee.

Before MOORE, FRIENDLY and KAUFMAN, Circuit Judges.

PER CURIAM.

This was a typical three-party longshoreman's personal injury action on the "law side" of the District Court for the Eastern District of New York. The com-

plaint, against a Swedish shipping line, alleged negligence and unseaworthiness in the stowage of cargo on the S.S. Boheme, and claimed $150,000 damages. We reversed a judgment for $4700, rendered after trial before a visiting judge, and directed that the complaint be dismissed, 2 Cir., 304 F.2d 506; rehearing and rehearing *in banc* denied, 304 F.2d 514 (2 Cir. 1962).

Defendant submitted a bill of costs which included $432.98, the round-trip air fare from Stockholm of Lundquist, former Chief Officer of the S.S. Boheme, who had been in charge of the stowage, plus $12 for three days court attendance and $64 for eight days subsistence, a total of $508.98. These and other items being opposed, the Clerk required defendant to apply to the district court for adjudication. The moving affidavit showed the importance of Lundquist's testimony and explained that at the time of the trial he was no longer in defendant's employ. Judge Rosling, before whom the motion came, allowed only two days attendance and subsistence (although the two-day trial spanned a week-end), as to which defendant does not here complain, and allowed mileage fees of only $16 (200 miles at 8¢ per mile), as to which it does. Our recent decision in Farmer v. Arabian-American Oil Co., 324 F.2d 359 (2 Cir. 1963), rendered subsequent to Judge Rosling's order, is authority both for appealability and for the inapplicability of a "100-mile rule" in an action such as this as "a restraint upon the exercise of judicial discretion in the assessment of transportation costs for witnesses brought to trial."

The judge found that the Chief Officer's testimony "was material and necessary." It surely was. Lundquist was the only member of the ship's company called to give defendant's version of the condition of the stow, in opposition to Nuzzo and two other longshoremen who testified on his behalf; defendant's other witnesses as to liability were the stevedore superintendent and a marine consultant. How vital Lundquist's testimony was to the defendant is demonstrated by the argument on the prior appeal that, in spite of it, Nuzzo and the two other longshoremen "were the only persons who testified as to the actual conditions that existed on the involved vessel and as to the proportions of the hole in question" (Appellee's Brief, p. 3). The judge predicated his denial of the cost of bringing Lundquist to the trial in large part on the ground that "Whether Lundquist's permanent home was in this country or in Sweden, and whether even if resident abroad be might not from time to time, as would not be unlikely in one who followed the sea, touch at this city and hence at minimal expense be available for the giving of testimony at a trial, are questions the affidavit leave unanswered." Beyond that he suggested that the testimony "could, moreover, have been presented, perhaps less effectively, but at any rate more economically, by resorting to the alternative procedures of deposition or interrogatories." On a motion for reargument, defendant explained that the deficiencies noted in the affidavit had been filled by the trial record—with which, not having presided, the judge, understandably, was unfamiliar; Lundquist had testified that he resided in Sweden and was employed as an Assistant Meteorologist in the Swedish Weather Bureau. The court adhered to its decision.

We hold the denial of the reasonable expense of bringing Lundquist to the trial to have been an abuse of discretion. Nuzzo chose to subject Rederi A/S Wallenco to a claim running into six figures; it was entitled to defend itself effectively by the testimony of a knowledgeable witness and, if successful, to recover the amounts reasonably expended in producing him. It brought from Sweden the one man best equipped to inform the court of its version of the facts on which liability hinged. There is no need for us to expatiate on the relative ineffectiveness of depositions or interrogatories in controverting eye-witness testimony. Although this is particularly true before a jury, which Nuzzo had demanded, a judge also is far more likely to be im-

pressed by a "live" witness than by reading or listening to the droning of a deposition; furthermore his observation of the witness' demeanor has an importance as to credibility that we have often stressed. See Dyer v. MacDougall, 201 F.2d 265, 268–69 (2 Cir. 1952) and cases cited. Even with the aid of such pretrial devices as interrogatories and discovery, a party is never wholly insured against some surprises at the trial; it is entitled, at a minimum, to have in the courtroom one witness with knowledge of the facts, and not to be entirely frozen to depositions or answers to interrogatories already in its opponent's hands. Beyond this, the implicit assumption that no substantial expense is involved in obtaining testimony by depositions or interrogatories does not seem founded in experience.

The order is reversed with instructions to include the round-trip air fare in taxable costs.