**Carmen Meléndez TORRES, individually and as natural mother with patria potestas over her children Irma Beltrán Meléndez, Carmen Beltrán Meléndez and David Beltrán Meléndez, Plaintiffs,**

v.

**COMPAÑIA TRASATLANTICA ESPAÑOLA, S.A., Defendant and Third-Party Plaintiff,**

v.

**INTERNATIONAL SHIPPING AGENCY, INC. and Maryland Casualty Company, Third-Party Defendants.**

Civ. No. 318-63.

United States District Court
D. Puerto Rico.

Dec. 1, 1966.

Francisco Agrait Oliveras, San Juan, P. R., for plaintiffs.

Vicente Ydrach, San Juan, P. R., for defendants.

## ORDER

CANCIO, District Judge.

This case was tried before a Jury which brought a verdict in favor of the plaintiffs and another verdict in favor of the defendant and third party plaintiff and against the third party defendants.

The Stipulation of the parties as to whether the defendant and third party plaintiff is entitled to recover from the third party defendants reasonable attorneys' fees, costs and expenses was not brought before the Jury and instead was withheld for subsequent submission to the Judge.*

The matter has now been submitted to the Court for its decision and on July 1, 1966 the attorneys for the parties filed a Stipulation showing the amounts claimed by Compañía Trasatlántica Española, S.A., as costs and expenses in the sum of $3,932.74. The third party defendants have admitted the correctness of the amounts claimed but have questioned the right of the defendant and third party plaintiff to be reimbursed for any or all of the items of costs and disbursements.

On September 1, 1966 a hearing was held at which time Vicente M. Ydrach, Esq., one of the attorneys for Compañía Trasatlántica Española, S.A., gave testimony as to the legal services rendered in the case and as to what he considered the reasonable value thereof.

The attorney for the third party defendants again contested the right of the Compañía Trasatlántica Española, S.A. to recover any sum as attorneys' fees.

The Court has given due consideration to the memoranda submitted by the attorneys for the parties involved and has read the transcription of the evidence taken at the time of the trial on the merits and is informed on the premises.

■ We must start by saying that it was proper of the parties to submit the question of the value of the attorneys' fees for determination by the Court instead than by the Jury. See Pan American World Airways, Inc. v. Gicerio Ramos, U. S. Court of Appeals for the First Circuit, March 8, 1966.

It is the opinion of the Court that Compañía Trasatlántica Española, S.A. is entitled as a matter of law to recover the reasonable value of its attorneys' fees, costs and expenses.

■ It has been the settled law since 1956 that in maritime cases in which a Court or a jury finds that a vessel owner is entitled to be indemnified by the stevedoring contractor for the amounts paid by a vessel owner to an injured longshoreman, the right of indemnity includes the reasonable value of attorneys' fees, costs and expenses incurred by the vessel owner in defending against the claim of the longshoreman. Shannon v. United States, 2 Cir., 235 F.2d 457; A/S J Ludwig Mowinckels Redera v. Commercial Stevedoring Co., 256 F.2d 227 (2 Cir. 1958), Cert. dismissed 358 U.S. 801, 79 S.Ct. 9, 3 L.Ed.2d 49; De Givia v. U. S. Lines Co., 304 F.2d 421 (2 Cir. 1962); Brown v. San Alberto Cía. Armadora, S.A., 305 F.2d 602 (3 Cir. 1962); Indemnity Ins. Co. of North America v. California Stevedore & Ballast Co., 307 F.2d 513 (9 Cir. 1962); Caputo v. U. S. Lines Company, 311 F.2d 413 (2 Cir. 1963), Cert. denied 374 U.S. 833, 83 S.Ct. 1871, 10 L.Ed.2d 1055; Nicroli v. Den Norske Afrika-Og Australielinie etc., 332 F.2d 651 (2d Cir. 1964).

■ The right to attorneys' fees, costs and expenses may be recovered by the shipowner even if it settles directly with the longehoreman, without trial, if the shipowner can show that the stevedore's breach of warranty occasioned the expenses; Paliaga v. Luckenbach Steamship Company, 301 F.2d 403 (2 Cir. 1962); Damanti v. A/S INGER, 314 F. 2d 395 (2 Cir. 1963), Cert. denied 375 U.S. 834, or in cases where the longshoreman's complaint is dismissed and yet the Court or jury has found that the injuries to the longshoreman were caused because of a breach of warranty on the part of the stevedore in the performance of its services. Strachan Shipping Co. v. Koninkykle Nederlandsche S.M.N.V., 5 Cir. 1963, 324 F.2d 746, Cert. denied

---

* At this time it had not been settled yet whether this was a question of law for the Judge or a question of fact for the Jury to decide.

377 U.S. 925, 84 S.Ct. 1219, 12 L.Ed.2d 217; Massa v. C.A. Venezuelan Navigation, 2 Cir. 1964, 332 F.2d 779, Cert. denied 379 U.S. 914, 85 S.Ct. 262, 13 L.Ed. 2d 186; Guarracino v. Luckenbach Steamship Company, 2 Cir. 1964, 333 F.2d 646, Cert. denied 379 U.S. 946, 85 S.Ct. 439, 13 L.Ed.2d 543; Italia Societa v. Oregon Stevedoring Co., 376 U.S. 315, 84 S.Ct. 748, 11 L.Ed.2d 732 (1964).

■ This Court has long recognized this right to attorney's fees, costs and expenses on indemnity. The first decision in this connection was in the case of Julio Esquilín Quiñones v. SS Arion, Adm. No. 110, decided by the Honorable Clemente Ruíz-Nazario; and the last decision was in the case of Eustacio Carrillo Rivera v. Carga Marítima S.A. (Panama), Adm. No. 2–63, decided by this Court. This right has also been recognized by the Circuit Court of Appeals for the First Circuit in the case of Bordas & Company v. Pizarro Serrano, 1st Cir., 314 F.2d 291 (1963).

■ The Court considers that the reasonable value of the services of the attorneys for Compañía Trasatlántica Española, S.A. in defending the action is the sum of $6,000.00.

■ As regards the costs and expenses the Court hereby allows the following items:

| | | | |
|---|---|---|---|
| 1. | Jury lunch | $ 16.00 | |
| 2. | Mileage—various trips to Puerto Nuevo, Hato Rey, and Villa Palmeras, Santurce, for investigation | 12.96 | |
| 3. | Paid to U. S. Marshal for Notices to witnesses | 14.72 | |
| 4. | Fees paid for transcript of deposition of Ramón Miró Martínez | 59.00 | |
| 5. | Cables | 73.67 | |
| 6. | Witness' fees to Ramón Miró Martínez | 26.71 | |
| 7. | Witness' fees to Emilio Alvarez | 8.65 | |
| 8. | Witness's fees to Enrique Vázquez | 8.64 | |
| 9. | Witness' fees to Víctor M. Pérez | 5.00 | |
| 10. | Mileage trips to Hato Rey and Santurce—to serve subpoenas upon witnesses to testify during trial | 3.45 | |
| 11. | Overseas telephone calls | 130.05 | |
| 12. | Per Diem paid to State Insurance Fund officer who brought record to trial | 10.70 | |
| 13. | Paid to Blanchard Press, Inc. for printing of Brief No. 6565 | 91.25 | |
| 14. | Paid to U. S. District Court for filing notice of appeal to U. S. Court of Appeals | 5.00 | |
| 15. | Fee paid to Clerk—U. S. District Court of Appeals for docketing appeal | 25.00 | |
| 16. | Paid to Maxine M. Auld for transcript of trial | 112.50 | $603.30 |

As regards the item relative to the transportation expenses, lodging and salaries of Valeriano González Puertas, José L. Tomé Barracho, Manuel Saborido Beiro and Juan Villaverde Boullon, who were brought from Spain to appear as witnesses in trial, in the sum of $3,329.-44, said item is hereby denied.

■ It is within the discretion of this Court to allow or to refuse said expenses and the Court believes that it should exercise in this particular case and as to this item, its discretion in the negative.

In the case of Farmer v. Arabian American Oil Co., 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 the Supreme Court of the United States pointed out that:

* * * The century-and-a-half-old special statutory provision relating to service of subpoenas more than 100 miles from the courthouse is designed not only to protect witnesses from the harassment of long, tiresome trips but also, in line with our national policy, to minimize the costs of litigation, which policy is strongly emphasized in the Federal Rules of Civil Procedure.

■ This rule relating to the service of subpoenas is certainly one that must be taken into consideration when the Court is called upon to exercise its discretion in granting costs and expenses to the winning party in a litigation.

■ It is to be noticed that the party interested brought its three witnesses from Spain at its own initiative. It did not require the order of the Court nor did it seek from the Court permission to bring these witnesses together with whatever conditions the Court might see fit to impose. In cases such as these, where a party must go to considerable expense in order to bring his witnesses before the Court, there are alternative means of bringing such testimony to the attention of the Court.

Petitioners in this case did not seize the Court of the problem or of the then potential problem that they were faced with. Instead they went ahead and drew up a bill of some $3,329.44 which they now attempt to recover from third party defendant. We understand that Rule 54 (d) of the Federal Rules of Civil Procedure is not unrestrained grant of discretion to United States District Judges which allows them to tax as costs every expense that a litigant must incur in order to prosecute or win his case. Items proposed by winning parties as costs should always be given careful scrutiny.

* * * Any other practice would be too great a movement in the discretion of some systems of jurisprudence that are willing, if not indeed anxious, to allow litigation costs so high as to discourage litigants from bringing lawsuits, no matter how meritorious they might in good faith believe their claims to be. Id. at 235, 85 S.Ct. at 416.

■ Our national policy is not to discourage litigation in good faith. Therefore, in exercising our discretion, the concession of a particular item as costs must be weighed against the effect that such a concession might have in the making of a controversy practically justiciable and not so merely in theory. See Farmer v. Arabian American Oil Co., ut sup.

In view of the foregoing it is hereby ordered, adjudged and decreed that costs be, and hereby are, allowed as aforesaid.

It is so ordered.