AMERICAN STEEL WORKS, a Missouri
corporation, Plaintiff,

v.

HURLEY CONSTRUCTION COMPANY,
a Minnesota corporation and Cadillac
Plastic Company, an Illinois corpora-
tion, Defendants.

No. 4–67 Civ. 220.

United States District Court
D. Minnesota,
Fourth Division.

Feb. 14, 1969.

Robins, Davis & Lyons, by Harding A. Orren, John F. Eisberg and Stephen J. Davis, Minneapolis, Minn., for plaintiff.

Maun, Hazel, Green, Hayes, Simon & Aretz, by Merlyn C. Green and Garrett E. Mulrooney, St. Paul, Minn., for Hurley Construction.

Mahoney & Mahoney, by Richard P. Mahoney and John F. Angell, Minneapolis, Minn., for Cadillac Plastic Co.

NEVILLE, District Judge.

Presently before the court are two timely motions to review the taxation of costs by the Clerk of court pursuant to Rule 54(d) of the Federal Rules of Civil Procedure.

Plaintiff sued defendant Hurley Construction Company (Hurley) for $20,-031.02, the balance due on a contract for the sale of certain steel products, joining as a defendant Cadillac Plastic Company (Cadillac). Hurley refused to pay, claiming an offset for breach of warranty in that certain epoxy also sold by plaintiff as a part of the same contract and intended to be used by Hurley to secure Teflon bearing plates was unfit for the purpose. Hurley cross claimed against Cadillac from whom plaintiff had procured the Teflon and epoxy that

plaintiff in turn had delivered to Hurley, claiming similar breaches of warranty. A jury, by a series of special interrogatories on the basis of which the court made an order for judgment, found for plaintiff and against Hurley, but not against Cadillac. The jury also found in favor of Cadillac on Hurley's cross claim. Cadillac thus was the prevailing party as to both claimants against it. Plaintiff prevailed against Hurley. Hurley lost as to both parties.

Hurley claims that the costs taxed against it by the Clerk exceeded the authorized and reasonable limits and that in any event Cadillac's costs should be taxed against both itself and plaintiff. Cadillac on the other hand objects to the Clerk's failure to allow the full mileage traveled by three witnesses and also to the Clerk's refusal to allow fees of $10.00 for exemplified copies of weather records and other climatological data introduced into evidence.

Plaintiff did not attempt to tax costs. Hurley did not respond to the notice to appear before the Clerk at the time of taxation. Cadillac requested and attempted to tax a total of $751.60. The Clerk allowed $324 and taxed the same against Hurley only and not plaintiff.

■ Taxation of costs is in the first instance performed by the Clerk and his decision is reviewable by the court pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. Review of the Clerk's asessment of costs is a *de novo* determination addressed to the sound discretion of the court. Farmer v. Arabian American Oil Co., 379 U.S. 227, 233, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964).

28 U.S.C. § 1920 states that the court (or Clerk) may tax as costs the following items:

"(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplication and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title."

Cadillac attempted only to tax items (3) and (4) above.

The first issue before the court is the taxation of the attendance and subsistance fees of three key Cadillac witnesses, two from Kansas City, Missouri and one from Kalamazoo, Michigan. The Clerk allowed attendance and subsistence fees for five, six and eight days respectively. 28 U.S.C. § 1821 sets forth the attendance, subsistence and mileage fees allowed and required to be paid. At the time of this trial, a witness was entitled to an attendance fee of "$4 for each day's attendance and for the time necessarily occupied in going to and returning from * * * " his place of residence. If a witness resided at a point too distant to permit day-to-day return trips to his residence, an $8.00 daily fee for subsistence could be taxed. The mileage fee was "8 cents per mile for going from and returning to his place of residence."[1]

The trial opened October 28, 1968. The two witnesses from Kansas City, Missouri both employed by Cadillac at the time involved in the suit, arrived in court October 31, 1968 and remained thru November 1st, then leaving for the weekend. Both returned Monday, November 4th. One testified November 6th and the other November 7th. Each was excused following his testimony. Both were intimately involved with the matter in suit and were the active agents of Cadillac in making its contract with plaintiff. One, at plaintiff's request, dealt or had conversations directly with Hurley concern-

---

1. See 28 U.S.C.A. § 1821 (1968 Supp.) amended applicable after the date of this trial so as to raise the attendance fee to $20.00 per day, the subsistence fee to $16.00, and the mileage fee to 10 cents per mile.

ing performance of the contract. Nearly every witness on the stand for plaintiff and for Hurley related some conversation or dealings with one or the other of these two witnesses. Clearly these were vital witnesses for Cadillac. Since no daily transcript was being made, Cadillac's counsel chose to have them in court to hear the testimony preparatory to their own testimony. In addition he was thus enabled to consult them instanter prior to and during cross-examination of plaintiff's and Hurley's earlier witnesses.

■ Affidavits submitted show that Hurley's counsel, on being advised that Cadillac's counsel had these two witnesses standing by and prepared to come to Minneapolis, at first advised that his case (at the conclusion of which Cadillac's case would follow) would take a minimum of three days. The trial did not progress as rapidly as anticipated and from time to time Cadillac's counsel was kept informed as to the delayed estimated time for the conclusion of Hurley's case. There is some dispute in the affidavits as to just what conversation, outside the presence of the court, took place between counsel on this subject. The court does not believe, however, that Cadillac can justify taxation of costs for having these witnesses present until at least Monday, November 4th for one and November 5th for the other (based on the order in which he later presented them in his own case). The court therefore will allow three days attendance fee for each at $4.00 plus three days for each for subsistence at $8.00, a grand taxable total for both of $72.00. Looked at another way, each is entitled to have taxed for him the day he was a witness on the stand and time coming and going. Witness fees are not limited to days of actual testimony. Fees may be taxed for days that the witness is reasonably and necessarily present at trial. This includes in appropriate cases also time spent in travel to and from the place of trial, delays and temporary adjournments. 6 Moore, Federal Practice ¶ 54.77/5/ at 1363–64.

*Compare*, Commerce Oil Refining Corp. v. Miner, 198 F.Supp. 895, 897 (D.R.I. 1961). Liberally viewed and at least if travel were not by airplane, this could well be three days including time coming and going from Kansas City, Missouri to Minneapolis, Minnesota. The court does not agree, though, that a party can tax costs for the time a witness spends in court even where there is no rule or order excluding other witnesses while one is testifying, merely listening to the opponent's testimony so as to refresh his recollection and so as to give advice to counsel for cross-examination purposes. To this extent the clerk's taxation of attendance and subsistence is excessive.

■ The third witness, a chemist and a Cadillac employee living in Kalamazoo, Michigan was called as an expert by Cadillac. He arrived in court October 28th and remained at the trial (except for a weekend) substantially until he testified on November 7th. Since a material issue in the case was the composition, property and characteristics of the epoxy glue, the manner and method of its application and the conditions and temperature existing at the time thereof, and since numerous witnesses described or attempted to describe this application process, the court is of the opinion that this witness was reasonably and necessarily in attendance for all eight days. Hurley argues that he could have been brought in for one day and asked a hypothetical question on the witness stand. Anyone who has tried lawsuits knows how unsatisfactory such an expert is compared to an expert who has heard and noted all the testimony or (which was not available here) has read the transcript in advance. Nor is there any evidence that this witness was an officer of Cadillac or managing or in charge of this litigation so that his fees would not properly be the subject for taxation of cost. The general rule is that an expert witness is entitled only to the regular statutory witness fees and the costs actually incurred above this amount are not taxable. See Henkel v. Chicago, St.

Paul, Minneapolis and Omaha Ry., 284 U.S. 444, 52 S.Ct. 223, 76 L.Ed. 386 (1932); Green v. American Tobacco Co., 304 F.2d 70, 77 (5th Cir. 1962); and E. W. Bliss Co. v. United States, 226 F. Supp. 382 (N.D.Ohio 1964).

In many cases, if counsel wishes to tax costs for attendance of witnesses on days not actually spent in testifying, he would do well as a protective measure to bring this matter to the court's attention by motion or otherwise prior thereto, notifying opposing counsel of such plans. See, Farmer v. Arabian American Oil Co., 379 U.S. 227, 235, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964); Torres v. Compänia Trasatlantica Espänola, S.A., 261 F.Supp. 105, 109 (D.P.R.1966); and Prashker v. Beech Aircraft Corp., 24 F.R.D. 305, 314 (D.Del.1959). In this case, however, there is no question but that Hurley's counsel knew this witness was in attendance. No objection was made to the court at the time.

██ In the final analysis, Cadillac didn't ask to be sued, but was in court involuntarily. Some leniency should be accorded the judgment of its counsel in retaining this witness throughout most of the trial. His attendance for eight days at $4.00 and subsistence for eight days at $8.00, a total of $96.00 should therefore be allowed and the Clerk's taxation in this regard is affirmed and sustained. This amount properly does not allow either attendance or subsistence for the weekend which intervened in the trial.

The second issue before the court is the application of the 100-mile Rule as a limitation on mileage fees for witnesses' travel that may be taxed as costs. It is quite generally held that the mileage allowance taxable as costs is limited to the territorial restrictions of a subpoena, see Rule 45(e) of the Federal Rules of Civil Procedure, and therefore mileage fees from outside the district are limited to 100 miles from place of trial. The Eighth Circuit recognized the force of this rule

in Spiritwood Grain Co. v. Northern Pacific Ry., 179 F.2d 338, 344, (8th Cir. 1950). More recently, however, the Supreme Court has indicated that the decision to limit mileage fees to 100 miles on transportation from outside the district or, alternatively, to grant full, actual mileage fees is a matter addressed to the sound discretion of the court. Farmer v. Arabian American Oil Co., 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964). The Ninth Circuit has not required adherence to the 100-mile rule where a witness for the prevailing party was "particularly able to shed light on the transactions in dispute." Moylan v. AMF Overseas Corp., 354 F.2d 825, 830 (9th Cir. 1965). The Second Circuit and the district courts thereunder have also rejected a rigid application of the 100-mile rule. See, Nuzzo v. Rederi A/S Wallenco, Stockholm, Sweden, 325 F.2d 994 (2nd Cir. 1963); Farmer v. Arabian American Oil Co., 324 F.2d 359 (2nd Cir. 1963), rev'd, 379 U.S. 227, 85 S. Ct. 411, 13 L.Ed.2d 248 (1964) (reversed on issue of discretion of District Court judge); Bennett Chemical Co. v. Atlantic Commodities, Ltd., 24 F.R.D. 200 (S.D.N.Y.1959); Maresco v. Flota Mercanta Grancolombiana, S/A., 167 F. Supp. 845 (E.D.N.Y.1958); and Bank of America v. Loew's International Corp., 163 F.Supp. 924 (S.D.N.Y.1958). Some other districts have continued to apply the 100-mile rule. See, e. g., Erving Paper Mills v. Hudson-Sharp Machine Co., 271 F.Supp. 1017, 1023 (E.D.Wis.1967); and Peck, Taxation of Costs—New Developments, 43 F.R.D. 55, 57 (Nebraska).

██ The court is convinced that a rigid adherence to the 100-mile rule is neither required by the Federal Rules nor in accord with the actualities of today's trials. State borders are no longer a barrier either to being sued or the court's jurisdiction. The so-called long-arm statutes on occasion now require foreign corporations to come into this District and defend suits arising from the transaction of business within the state even

though such corporations maintain no regular offices or personnel herein.

As the court in *Farmer* indicated, the 100-mile rule is a necessary and proper factor to be considered in the exercise of the court's discretion but not a limit.

The court is of the opinion that the 100-mile Rule should be relaxed in this case. In the first place, the parties to this case are all corporate parties and the policy of protecting the private, impecunious litigant is inapposite. Secondly, the three witnesses here were "particularly able to shed light on the transactions in dispute." (Moylan v. AMF Overseas Corp., *supra* 354 F.2d at 830). Defendant Hurley withheld a certain portion on the contract price and thereby forced the litigation in this District. Defendant Hurley claimed that Cadillac Plastics made particular written and oral warranties of fitness. Quite likely Cadillac Plastics could not have defended successfully the lawsuit without bringing its personnel here to testify. The taking of a deposition is not equivalent to having "live" testimony. As against defendant Hurley on its various claims, it does not seem unfair to require Hurley to pay the mileage fees of these three witnesses.

The practice of prior court approval would be in accord with the approved procedure and is recommended in future cases of this type. See, Farmer v. Arabian American Oil Co., 379 U.S. 227, 235, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964), affirming, 31 F.R.D. 191, 195 (S.D.N.Y. 1962); Euler v. Waller, 295 F.2d 765, 767, 97 A.L.R.2d 135 (10th Cir. 1961); Torres v. Compänia Trasatlantica Espänola, S.A., 261 F.Supp. 105, 109 (D.P.R. 1966); and Prashker v. Beech Aircraft Corp., 24 F.R.D. 305, 314 (D.Del.1959); and 6 Moore, Federal Practice ¶ 54.70[5] at 81 (1968 Supp.)

In cases where the 100-mile Rule is relaxed and full mileage allowed, generally mileage for only one round trip should be taxed as costs. Cf. Katz v. Cie

Generale Transatlantique, 190 F.Supp. 435, 436 (E.D.Va.1960).

In this case each of the Kansas City witnesses traveled 916 miles, round trip Kansas City, Missouri to Minneapolis, Minnesota. The expert from Kalamazoo, Michigan traveled 920 miles round trip. The Clerk allowed taxation as to each for only 100 miles each way, but permitted taxation for a trip home for each over the weekend that intervened in the trial—a total for each of 400 miles at eight cents or $32.00 for each. He properly disallowed travel for an overnight until noon the next day return to Kansas City by one witness on November 5th so as to be able to vote on election day.

The court believes this is a case where Cadillac should be able to tax for these three witnesses one round trip for each i. e., $73.28, $73.28 and $73.60 respectively, a total of $220.16. The 100-mile rule based on the subpoena analogy literally applied, operates or may operate inequitably in some cases. Admittedly a subpoena issues out of this court anywhere within the district of Minnesota, a distance from Minneapolis or St. Paul to Northern Minnesota in excess of 300 miles at places. Fees for this mileage should be allowed and if a private litigant subpoenas a witness, he is expected in this district even to advance mileage fees to the witness. It is difficult to see then why out-of-state witnesses should be limited to 100 miles.

The court is not unaware of, and is in sympathy with, the caveat contained in Farmer v. Arabian American Oil Co., 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964):

" * * * We do not read that Rule as giving district judges unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case. Items proposed by winning parties as costs should always be given careful scrutiny. Any other practice would be too great a movement in the direction of some systems of jurispru-

dence that are willing, if not indeed anxious, to allow litigation costs so high as to discourage litigants from bringing lawsuits, no matter how meritorious they might in good faith believe their claims to be. Therefore, the discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute. Such a restrained administration of the Rule is in harmony with our national policy of reducing insofar as possible the burdensome cost of litigation."

Justice Goldberg in his dissenting opinion, p. 239, 85 S.Ct. p. 418, decries:

" * * * an approach to the English system, never accepted by us because of our conviction that it 'favored the wealthy and unduly penalized the losing party.' 324 F.2d, at 370."

See also Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967) (attorney's fees not recoverable under the Lanham Act) for a reaffirmation of this policy.

In *Farmer,* an effort was made to tax the expense of three witnesses from Arabia which, together with other costs including transcripts were nearly $12,000. The District Court's award of $831.60 was affirmed. The case at bar presents no such problem and this court is not attempting to solve such.

It must be remembered, of course, that in many if not substantially all cases where this court's jurisdiction is based on diversity, witnesses on one side or the other will be from out state and often will travel some distance. The party who initiates such action, involving $10,000 or more, must if he loses expect to pay some costs for the trouble and inconvenience caused. In the case at hand it does not seem to the court that a total taxation of $398.16 is unreasonable or exhorbitant considering the importance of the issues and all of the facts of the case.

The Clerk in this case disallowed a $10 fee expended by Cadillac Plastic Company for exemplication and certified copies of weather records and other climatological data. The court concludes that this $10 item should have been taxed against Hurley. 28 U.S.C. § 1920 allows as costs the "fees for exemplification and copies of papers necessarily obtained for use in the case." In the action at bar the question of the temperature on the jobsite was disputed and of vital importance to the case since the temperature affected the ability of epoxy to bond Teflon to steel. Such weather data was therefore necessary to the trial of this case and was received in evidence. See, Commerce Oil Refining Corp. v. Miner, 198 F.Supp. 895, 899 (D.R.I. 1961); Bennett Chemical Co. v. Atlantic Commodities, Ltd., 24 F.R.D. 200, 204 (S.D.N.Y.1959); and Peck, Taxation of Costs, 37 F.R.D. 481, 491.

Hurley argues finally that the costs as taxed should be shared on some basis by both plaintiff and Hurley. Rule 54(d) of the Federal Rules of Civil Procedure states that "costs shall be allowed as of course to the *prevailing party* unless the court otherwise directs." (emphasis added) In this case both plaintiff American Steel and defendant Cadillac Plastic were the prevailing parties. Plaintiff secured a $20,031.02 judgment against defendant Hurley. The fact that the jury found for Cadillac on plaintiff's indemnification claim against Cadillac does not alter the fact that plaintiff was the prevailing party as to defendant Hurley. Indeed, once the jury had answered the first two interrogatories, the indemnification claim was rendered moot and unnecessary. Furthermore, even though a party does not recover on his entire claim, he still may be the "prevailing party." Hines v. Peres, 242 F.2d 459, 466 (9th Cir. 1957); and S. A. Hirsh Mfg. Co. v. Childs, 157 F.Supp. 183 (S.D.Pa. 1957). While plaintiff chose not to tax costs, as to defendant Hurley it was one

of the prevailing parties on the material issue in the case. Therefore, plaintiff should not be taxed costs.

The Clerk shall retax costs for $398.16 in accordance with this memorandum.