Arnold LEAS, Plaintiff,

v.

**GENERAL MOTORS CORPORATION, a foreign corporation, Chevrolet Motors Division, Defendant.**

**Civ. A. No. 67–C–338.**

United States District Court,
E. D. Wisconsin.

Sept. 3, 1970.

See, also, D.C., 278 F.Supp. 661.

Joseph W. Weigel, Milwaukee, Wis., for plaintiff.

Reginald W. Nelson, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, District Judge.

This action is for the recovery of damages incurred by plaintiff as a result of an accident caused by a defect in an automobile manufactured by the defendant.

The issues of liability and damages were severed and tried separately by the same jury. On the liability issue the jury returned a verdict finding that there was a defect in the automobile when it left the possession of the defendant, and that the defect was a substantial factor in causing the accident. That verdict absolved plaintiff's wife, the driver of the automobile, of any contributory negligence. On the damage issue the jury awarded plaintiff $137,500. Judgment was entered in accordance with the verdicts.

Pending before the court at the present time are the following matters:

1. The amount that plaintiff may recover for past medical and hospital expenses. The parties agreed that this issue would not be submitted to the jury and would be decided by the court.

2. Defendant's motion for judgment notwithstanding the verdict and, in the alternative, for a new trial.

3. Plaintiff's motion that the defendant be required to pay the cost of producing a medical witness called by the plaintiff. The motion is based on Rule 37(c),* Federal Rules of Civil Procedure, relating to the awarding of expenses of proof upon a failure to admit facts.

4. Defendant's motion to review the clerk of court's action in taxing costs.

## PAST MEDICAL AND HOSPITAL EXPENSES

Plaintiff is employed by A. C. Electronics which is a division of defendant General Motors Corporation. As such an employee, plaintiff received the benefit of certain hospital and medical expense insurance coverage, the premiums for which were paid either totally or partially by the defendant. The parties have stipulated the total medical and hospital expenses incurred by reason of the accident are $13,350.20. It was further agreed that of this amount all but $1,567.61 was paid under the terms of insurance policies provided by the de-

---

* The provisions of Rule 37(c) applicable here are those existing prior to the amendment to the rule, effective July 1, 1970.

fendant to plaintiff. The amount of $1,-567.61 is payable by plaintiff.

The defendant's position is that plaintiff's damages for past medical and hospital expenses should be mitigated by payments made under insurance policies which were paid for in whole or in part by the defendant.

"The general rule is that damages cannot be mitigated or reduced because of payments received by the injured party from disability compensation, pension funds, retirement allowance, or insurance which is effected by the injured party. [Citations omitted.]

"However, in cases where payments are made to the injured party in the form of wages or medical services, or by reason of insurance which is paid for by the wrongdoer, evidence by the defendant of such payments or benefits to the injured party has been held to be admissible in mitigation of damages. [Citations omitted.]" Szybura v. City of Elmira, 28 A.D.2d 1154, 284 N.Y.S.2d 190, 192 (1967).

■ This quotation appears to be an accurate statement of the collateral source rule as applied in New York whose law, the parties have agreed, controls this issue. It follows then that plaintiff's damages will be mitigated by the insurance payments made under the policies provided by the defendant. Based on the stipulated amounts, defendant's liability for past medical and hospital expenses is reduced to $1,567.61. The judgment entered in this action must accordingly be amended, nunc pro tunc, to reflect that the plaintiff recover of the defendant the sum of $139,067.61 together with interest and costs.

## MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT AND, IN THE ALTERNATIVE, FOR A NEW TRIAL

The defendant has moved alternatively that judgment be entered notwithstanding the verdict, that the answers to certain questions on the verdict be changed, and for a new trial. Many of the grounds on which these motions are based were raised and argued during trial and were ruled on adversely to defendant. I am not persuaded that any of those rulings should be changed. I believe that all issues were properly submitted to the jury and that the verdicts are fully supported by the preponderance of the evidence admitted during the trials. I will not disturb the verdicts. Defendant's alternative motions must all be denied.

## PLAINTIFF'S MOTION THAT THE DEFENDANT BE REQUIRED TO PAY THE COST OF PRODUCING DR. MORRIS KLEIN

■ Dr. Morris Klein treated plaintiff's wife for stomach ulcers more than four years after the accident involved in this lawsuit. Plaintiff filed a request to admit or deny that certain medical expenses were incurred *because of the accident*. Included in the request were Dr. Klein's bill and a hospital bill, both relating to treatment of the ulcer condition. The defendant admitted that the bills were authentic and were fair and reasonable but challenged that the ulcer condition, developing four years after the accident, was in any way related to or caused by the accident. Dr. Klein was called to testify and to give his opinion as to the cause of the condition. Plaintiff now seeks to recover the $150 witness fee as the expense for proving a fact denied.

The motion is grounded on Rule 37(c) which does provide for the payment of the expenses of proof of a fact of which there has been a denial. The rule also provides that payment will not be required if the court finds that there were good reasons for the denial. I am of the opinion that under the circumstances of this case where the ulcer condition developed four years after the accident, there is good reason for the denial based on the causation question. The motion

for an order requiring the defendant to pay the expense of producing the doctor must be denied.

### DEFENDANT'S MOTION TO REVIEW THE TAXATION OF COSTS

There is only one item of dispute between the parties with regard to the taxation of costs. The dispute involves the taxing of attendance fees for the witness Edwin Stillman for seven days. It is agreed that Stillman testified on three days. There does not appear to be any substantial dispute that he was present in court four additional days. Defendant sharply contends that there has been no showing that Stillman was *necessarily* in attendance on those four additional days as is required under the law. 28 U.S.C.A. § 1821; Commerce Oil Refining Corporation v. Miner, 198 F.Supp. 895 (D.R.I.1961). The plaintiff attempts to justify the added attendance on the grounds that there was uncertainty as to the time when the witness would be called to testify. I am of the opinion that this proffered justification does not rise to the level of a showing of necessary attendance. The attendance fee for the witness Edwin Stillman on the bill of costs should be reduced from $140 to $60.

The defendant has moved for an order staying proceedings to enforce the judgment entered in this action pending the disposition of the outstanding motions. This decision and order disposes of all the pending motions, so the motion for a stay is moot.

Now, therefore, based on the foregoing,

It is ordered that the judgment entered herein on June 23, 1970, be amended, nunc pro tunc, to reflect that the plaintiff Arnold Leas recover of the defendant General Motors Corporation the sum of $139,067.61 with interest thereon as provided by law.

It is further ordered that the defendant's motion for judgment notwithstanding the verdict or, in the alternative, for a new trial must be and it hereby is denied.

It is further ordered that the plaintiff's motion that the defendant pay the cost of producing Dr. Morris Klein must be and it hereby is denied.

It is further ordered that the bill of costs filed July 23, 1970, be amended to reflect that the attendance fee for the witness Edwin Stillman is $60 and that the total costs taxed be in the amount of $765.99.