June ESLER, Plaintiff,

v.

SAFEWAY STORES, INC. and Norris J. Shoaf, Defendants.

No. 76–CV–78–W–1–4.

United States District Court, W. D. Missouri, W. D.

Jan. 20, 1978.

Randall E. Hendricks, Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, Mo., for plaintiff.

Paul H. Niewald, Niewald, Risjord & Waldeck, Kansas City, Mo., for defendants.

## OPINION AND ORDER

ELMO B. HUNTER, District Judge.

Judgment having been rendered against defendants on October 17, 1977, plaintiff, on October 26, 1977, submitted to the Court its request that $1,894.34 be taxed against defendants as plaintiff's costs. On November 4, 1977, defendants filed their Objections to Cost Bill, with Suggestions in Support thereof. On December 14, 1977, plaintiff filed its Reply to Defendants' Objections to Cost Bill.

Defendants first object to the witness fee plaintiff claims with regard to Dr. Merrill Allen of Bloomington, Indiana. Plaintiff claims a three-day attendance fee ($60), a three-day subsistence fee ($48) and $157.50 for air transportation. Defendants contest the $157.50 figure, arguing that witness fees are limited to mileage for only 100 miles. Plaintiff, in turn, contends that "several courts recognize that a court in its discretion can award actual costs of travel as opposed to limiting costs to mileage for 100 miles."

Initially, this Court disagrees with plaintiff's contention that defendants should be assessed for Dr. Allen's actual expenses of travel. 28 U.S.C. § 1821 provides, in part:

[I]n lieu of the mileage allowance provided for herein, witnesses who are required to travel between the Territories and possessions, or to and from the continental United States, shall be entitled to the actual expenses of travel at the lowest first-class rate available at the time of reservation for passage, by means of transportation employed.

The cases on which plaintiff relies to support her contention that actual expenses should be allowed all fall within the letter of the statute and are all, therefore, distinguishable from the case at bar. *Nuzzo v. Rederi*, 325 F.2d 994 (2d Cir. 1963) involved a witness from Sweden testifying in the District Court for the Eastern District of New York; *Oscar Gruss & Son v. Lumbermens Mutual Casualty Co.*, 46 F.R.D. 635 (S.D.N.Y.1969) involved witnesses from Switzerland testifying in the District Court for the Southern District of New York; *American Steel Works v. Hurley Construction Company*, 46 F.R.D. 465 (D.Minn.1969) involved witnesses from Kansas City, Missouri and Kalamazoo, Michigan testifying in Minneapolis, Minnesota. However, in this last case, the Court merely considered the facts of the case to warrant an exception to the 100-mile limitation generally imposed for travel expenses to witnesses. *See* Rule 45(e), F.R.Civ.P. As the Court stated in *American Steel Works, supra,* at 469:

It is quite generally held that the mileage allowance taxable as costs is limited to the territorial restrictions of a subpoena, see Rule 45(e) of the Federal Rules of Civil Procedure, and therefore mileage fees from outside the district are limited to 100 miles from place of trial.

Therefore, under the applicable statutory and case law, the question is not, as plaintiff contends, whether the witness fee allowed for Dr. Allen should reflect his actual expenses of travel; rather, it is whether his statutory mileage allowance of ten cents per mile, 28 U.S.C. § 1821, should be limited by the 100-mile rule.

The Eighth Circuit has stated that the proper approach to this problem "is to limit travel expenses for witnesses outside the district to 100 miles absent special circumstances." *Linneman Construction, Inc. v. Montana-Dakota Utilities Company, Inc.*, 504 F.2d 1365, 1371 (8th Cir. 1974). The Court goes on to state, at 1371–72:

In the present case the testimony of the witnesses residing outside the district appears merely cumulative to that given by the substantial number of witnesses for defendant from within the district. We do not find any special circumstances to justify an allowance of mileage greater than 100 miles in the present case.

We recognize that payment of mileage for witnesses outside of the district, from their point of entry into the district, as was was done in this case, may be justified when the witness is a necessary and material witness in the proceedings and does not give merely redundant or cumulative testimony. Rather than approving this practice as a proper exercise of discretion in every case, we feel it is better to leave the determination in each case to the discretion of the district court as it is in the best position to determine the necessity and materiality of the witness' testimony.

After careful consideration of Dr. Allen's expertise in the area of highway traffic visibility, defendants' failure to show where plaintiff might have obtained similar testimony from an expert residing closer to this Court, and the necessity to plaintiff's case of Dr. Allen's testimony, this Court is convinced that the 100-mile rule should not be applied to prevent the recovery of Dr. Allen's ten cents per mile witness fee pursuant to 28 U.S.C. § 1821.

■ Defendant next contends that witness fees are limited to one hundred miles and *only for the days actually testifying.* However, as stated in *American Steel Works, supra,* at 468: "Witness fees are not limited to days of actual testimony. Fees may be taxed for days that the witness is reasonably and necessarily present at trial. This includes in appropriate cases also time spent in travel to and from the place of trial, delays, and temporary adjournments." And, as the Eighth Circuit stated in *Linneman Construction, Inc., supra,* at 1372:

> We intimate no disagreement with the general rule that witness and subsistence expenses are not limited to the day the witness testifies but include those days in which the witness necessarily attends trial. *See* 6 Moore, ¶ 54.77[5.–1] at 1728–29 (and cases collected at n. 10).

Clearly, three days is a reasonable period under the facts of this case, a fact which defendants do not dispute. Rather, defendants merely assert that witness fees are limited to only those days in which the witness actually testifies, an assertion which does not hold true in this Circuit.

■ Plaintiff next seeks to recover $230.35 as deposition costs pursuant to 28 U.S.C. § 1920(2). This statutory provision, although it allows as costs "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case," has been generally construed to permit recovery of costs for depositions. *U. S. v. Kolesar,* 313 F.2d 835 (5th Cir. 1963).

■ Apparently, plaintiff seeks to tax, as costs, the charges for four copies of depositions (the depositions of plaintiff June Esler, James Potter, Marion P. Beeler, and Charles Evans) and for the original of the deposition of defendant Norris J. Shoaf. "Generally, the cost of copies of depositions are not taxable as costs." *Vorburger v. Central of Georgia Railway Company,* 47 F.R.D. 571, 573 (M.D.Ala.1969). *See also Gillam v. A. Shyman, Inc.,* 31 F.R.D. 271, 275 (D.Alaska 1962); 6 Moore's Federal Practice, § 54.77[4], p. 1724, and the cases cited therein at fn. 21. The reason for this general rule is stated in *Mercon Corporation, Inc. v. Goodyear Tire & Rubber Co.,* 57 F.R.D. 506, 508 (D.Minn.1972), where the Court said:

> Since the original is or should be filed and available to both parties, it has been the practice of this court not to allow costs of copies.

Other Courts, however, have allowed expenses for copies of depositions to be taxed as costs. *See Independent Iron Works, Inc. v. United States Steel Corporation,* 322 F.2d 656, 678 (9th Cir. 1963).

■ The general rule disallowing as costs expenses for copies of depositions is not, however, the only limitation imposed by the Courts on the awarding of deposition costs to the prevailing party. Another limitation is that the expense of depositions which are not used at trial may be taxed as costs only if "they were reasonably necessary to the case and were not purely investigative in nature." *Koppinger v. Cullen-Schiltz & Associates,* 513 F.2d 901, 911 (8th Cir. 1975). This general rule is perhaps best expressed

in *Gillam, supra* at 274, where the Court stated:

> The expense of taking depositions is taxable where, although the depositions are not used at the trial, the taking of such was reasonably necessary, and such costs are not allowed where the depositions were not necessarily obtained for use at the trial but for the convenience of counsel in preparing for trial, as for discovery purposes.

 As to those depositions which plaintiff ordered copies of, plaintiff has made no showing that those copies were ordered for any purpose other than the convenience of plaintiff's counsel in investigating the facts of the case. As to the deposition of defendant Shoaf, however, not only did plaintiff pay for the original of the transcript, but, in addition, utilized the deposition at trial for purposes of establishing certain admissions made by the defendant. Therefore, upon carefully considering the facts of the case and the applicable law, this Court will deny plaintiff's request that she be awarded costs for the copies of depositions which she purchased and did not utilize at trial, but will grant plaintiff's request that she be awarded costs for the original transcript of defendant Shoaf's deposition which she did utilize at trial.

Defendants next object to the following items of cost listed by plaintiff:

| | |
|---|---|
| Diagram-by "Visuals" | 100.00 |
| Photos: | |
| Vic Greenlee | 78.00 |
| Jack Denzer | 97.46 |
| Raytown Police | 28.75 |
| | 304.21 |

 The general rule governing whether the expenses of these items may be taxed as costs is best summarized in 6 Moore's Federal Practice, § 54.77[6], pp. 1739–1741, where it is stated:

> The reasonable expense of preparing maps, charts, graphs, photographs, motion pictures, photostats and kindred materials is taxable as costs under [28 U.S.C.] § 1920(4) when necessarily obtained for use in the case. Here, too, it is advisable to obtain authorizations at a pretrial conference or otherwise prior to incurring large items of expense if counsel expects to have them taxed as costs, although this is not an absolute prerequisite. The expense of items merely illustrative to expert testimony, other evidence, or argumentative matters, or obtained for convenience in preparation of trial are normally not taxable.

Mr. Denzer's photographs were not admitted into evidence and, therefore, the Court, in the exercise of its discretion, denies plaintiff her costs incurred with regard to them. The other photographs were admitted into evidence, but the Court does not view them to be so essential to plaintiff's case as to justify an award of costs. And, as to the diagram, this Court would normally decline to award the expense of its preparation as costs. However, because of the peculiar nature of the intersection (the streets had multiple lanes and intersected not at right angles but diagonally) and because both plaintiff and defendants made extensive use of the diagram at trial, an award of costs for the expenses of the diagram's preparation seems justified.

 Plaintiff next seeks to recover her costs incurred with regard to the accident reconstruction which plaintiff elected to perform on April 11, 1977. The expenses incurred here were $578.35 for equipment hauling and $244.59 for travel expenses for Dr. Merrill Allen. Initially, it should be observed that the photographs taken of this accident reconstruction were not admitted into evidence. Further, the Court does not view the reconstruction effort as sufficiently necessary to the development of plaintiff's case to warrant the assessment of the reconstruction expenses as costs.

For these same two reasons, this Court must deny plaintiff's request that her expense of $22.50 incurred as the result of defendant Safeway producing certain documents in response to plaintiff's Request for Production of Documents be taxed as costs.

For the foregoing reasons, it is hereby

ORDERED that the following items be, and hereby are, allowed as plaintiff's costs, to be taxed against defendants:

| Fees of the Clerk: | 15.00 |
| | 7.28 |
| Fees of the Marshal: | 8.56 |
| Fees for witnesses: | * |
| Docket fees under 28 U.S.C. § 1923: | 20.00 |
| Deposition costs: | 157.35 |
| Exhibits: | 100.00 |

\* With regard to fees for witnesses, defendants are taxed $306.00 plus a sum to be computed as follows: the number of miles, round trip, from Bloomington, Indiana to Kansas City, Missouri times $.10. *See* 28 U.S.C. § 1821; Department of Justice regulation, 28 C.F.R. § 21.4.[1] Plaintiff is directed to submit to the Court within 10 days of this Order's issuance the sum so computed, and the parties are directed to use their best efforts to *agree* upon this sum. Plaintiff shall state to the Court, in the same document in which she submits this sum, whether defendants have concurred in her calculations.

IT IS SO ORDERED.

---

1. 28 U.S.C. § 1821 provides, in part: "Regardless of the mode of travel employed by the witness, computation of mileage under this section shall be made on the basis of a uniform table of distances adopted by the Attorney General." The Department of Justice, by regulation, has provided: "Regardless of the mode of travel actually employed, mileage payable to witnesses under section 1821 of Title 28 of the United States Code, as amended by the act of August 1, 1956, 70 Stat. 798, shall be computed on the basis of highway distances as stated in the Rand McNally Standard Highway Mileage Guide or in any other generally accepted highway mileage guide which contains a shortline nationwide table of distances and which is designated by the Assistant Attorney General for Administration for such purpose: *Provided*, That with respect to travel in areas for which no such highway mileage guide exists, mileage payable under the said section 1821 shall be computed on the basis (a) of the mode of travel actually employed, (b) of a usually-travelled route, and (c) of distances as generally accepted in the locality." 28 C.F.R. § 21.4.