**MERCON CORPORATION, INC., a Minnesota corporation, Plaintiff,**

v.

**GOODYEAR TIRE & RUBBER COMPANY, an Ohio, corporation, Defendant.**

No. 3–69 Civ. 186.

United States District Court,
D. Minnesota,
Third Division.

Dec. 26, 1972.

Meagher, Geer, Markham & Anderson, by Robert M. Frisbee, Minneapolis, Minn., for plaintiff.

Dorsey, Marquart, Windhorst, West & Hallday, by James B. Vessey, Minneapolis, Minn., for defendant.

## ORDER RE TAXATION OF COSTS

NEVILLE, District Judge.

Defendant successfully defended an antitrust suit in a five and one-half day jury trial. The clerk of court allowed taxation of its costs in the amount of $558.00 disallowing however on plaintiff's objection items of (1) $3,606 for the cost of a daily trial transcript purchased by defendant, (2) $300 for the cost of preparation of certain trial exhibits and (3) $233.50 of a $680.50 cost of defendant's pretrial deposition of plaintiff's principal officer and owner. Defendant has brought a timely motion to review such taxation and disallowance pursuant to Rule 54(d) of the Federal Rules of Civil Procedure.

The governing statute is 28 U.S.C. § 1920. It speaks in generalities and provides:

"A judge or clerk of any court of the United States may tax as costs the following:

.   .   .   .   .   .

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

.   .   .   .   .   .

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case   .   .   .."

(1) The daily transcript cost $2,404 for the original, plus $1,202 for two copies which in order to secure a "daily" defendant was required to purchase since plaintiff did not order any copy. Defendant contends the transcript was "necessarily obtained for use in the case." The court is not of course here dealing with a post-trial transcript used in a motion or on appeal. Such obviously would cost substantially less than the "daily" fee of $3,606 here claimed, because a "daily" requires at least two court reporters alternately in attendance at trial and one or more typists to transcribe from recording machines. The court's notes and the transcripts show that after a jury was picked in the morning, plaintiff made its opening statement at 2:05 P.M. on May 22, 1972 and thereafter evidence was taken; that no court was held on May 23; that testimony was taken on May 24, May 25, May 26, May 30 (Memorial Day weekend intervening) and May 31, a total of five and one-half days of testimony, with final arguments and instructions to the jury on June 1, 1972. The fact that a transcript was available may well have been of some assistance to counsel but the court has no present recollection of reading it or relying on it for motions or the like. Evidentiary rulings and motions normally have to be made *instanter*, even before the "daily" is available. The court kept its own notes rather fully. While the daily transcript may have been helpful to defendant and prudent counsel in any case might order such for assistance, its trial counsel here was "second chaired" by an associate and assisted by others all through the trial. There was thus adequate chance for note taking. Further, no advance application was made to the court nor advice given that a daily transcript was to be ordered and that the cost thereof would be attempted to be taxed. The cost of such a transcript as here has been held not taxable. Stallo v. Wagner, 245 F. 636 (2d Cir. 1917). A case cited

by defendant Advance Business Systems & Supply Co. v. S.C.M. Corp., 287 F. Supp. 143 (D.Md.1968), an antitrust case lasting four weeks is hardly comparable to a five and one-half day trial with no expert economic or engineering witnesses nor really complicated issues involved. The most authoritative discussion this court has found is Peck, Taxation of Costs in United States District Courts, 37 F.R.D. 481 (1965), in which the author states:

> "The cost of a transcript of the testimony obtained for purposes of appeal may be allowed. The allowability of the cost of a transcript prepared in connection with the disposition of the case in the trial court, however, has been the subject of considerable controversy. The determinative criteria is the court's need for the transcript in resolving the issues of the case. The existence of this circumstance depends largely upon the facts and complexities of the particular controversy. To be certain as to its taxability, it is advisable to obtain a prior order directing preparation of the transcript. In one reported case, however, the order was entered nunc pro tunc, and on appeal it was held that the phrase 'nunc pro tunc' was of no significance because the trial court possessed the power to make the order at the conclusion of the proceedings as well as at the beginning.
>
> The cost of copies is generally not taxable; nor is the cost of daily copy procured solely for the convenience of counsel." 37 F.R.D. at 486 [citations omitted]

The court affirms the clerk in the disallowance of this item of daily transcript costs.

■ (2) Defendant's counsel produced as a part of its case at trial certain large charts including a profit and loss statement, business forecasts, etc. All in all it made some six or more sizeable charts, each containing from 11 to 20 lines of printed material and seeks to tax $300 for the cost presumably of a sign maker in fabricating these large display pieces. This type of expense is not mentioned or included in the statute, 28 U.S.C. § 1920, nor does counsel cite any convincing authority for allowing such as taxable costs. Evidence in many well tried jury law suits often is presented by such enlarged exhibits, but no one has to this court's knowledge attempted to tax the costs of making the same. The court does not believe such expense is a taxable cost. Cases of Appliance Inv. Co. v. Western Electric Co., 61 F.2d 752 (2 Cir. 1932), and Advance Business Systems & Supply Co. v. S. C. M. Corp., 287 F.Supp. 143 (D.Md.1968), involve far more complicated cases and are not apposite here.

■ (3) Defendant attempted to tax $680.50 as the cost of the transcript of the deposition of Keith Venburg, principal owner and President of the plaintiff corporation. The clerk allowed $447.00, the cost for the original but disallowed $233.50, the cost of two copies. Plaintiff acknowledged that the cost of this original discovery deposition is taxable, but has resisted taxing the cost of the copies. Since the original is or should be filed and available to both parties, it has been the practice of this court not to allow costs of copies. Accordingly,

It is ordered that the motion of defendant be and the same hereby is denied and the clerk's taxation of costs in the amount of $558 be and the same hereby is affirmed.