**DOROTHY K. WINSTON & CO. et al.,
Plaintiffs,**

v.

**TOWN HEIGHTS DEVELOPMENT,
INC., Defendant.**

Civ. A. No. 2200-72.

United States District Court,
District of Columbia.

June 20, 1975.

Edward H. Kerman, Washington, D. C., for plaintiffs.

Alan Y. Cole, Neal M. Sher, Washington, D. C., for defendant.

### MEMORANDUM OPINION

JUNE L. GREEN, District Judge.

This matter is before the Court on cross-motions to review taxation of costs by the clerk.

Plaintiffs brought suit to recover a brokerage commission for the sale of real property in Broward County, Florida.[1] After a nineteen-day trial and jury verdict in favor of the defendant, Town Heights Development, Inc., judgment was entered by the clerk on April 23, 1975. Fed.R.Civ.P. 58(1). The judgment provides that the defendant shall recover costs from the plaintiff. Fed.R.Civ.P. 54(d). On May 28, 1975, defendant submitted a verified bill of costs to the clerk asking for costs in the total amount of $5,209.39. See 28 U.S.C. § 1924 (1970). On May 30, 1975, the clerk allowed costs in the total amount of $3,620.55. Plaintiff timely filed a motion to review the action of the clerk on June 5, 1975. On June 10, 1975, defendant filed its own motion to

---

1. Certain pretrial matters were disposed of by a prior opinion. See *Dorothy K. Winston & Co. v. Town Heights Development, Inc.*, 376 F.Supp. 1214 (D.D.C.1974).

review taxation of costs to include certain items that were disallowed.[2]

The fees of the clerk taxed pursuant to 28 U.S.C. § 1920(1) (1970) in the amount of $17.00 are uncontested.

The clerk disallowed the request for $237.00 for fees of the court reporter for parts of the transcript. Defendant's counsel obtained six portions of the transcript at daily copy rates during the trial for their own use. While beneficial to counsel, the excerpts were not "necessarily obtained for use in the case" within the meaning of 28 U.S.C. § 1920(2) (1970). See *Mercon Corp. v. Goodyear Tire & Rubber Co.*, 57 F.R.D. 506 (D.Minn.1972). No exigencies warranted their order. At a pretrial conference, the Court's inquiry whether daily copy would be needed was answered by both sides in the negative. Nothing occurred at trial to change that judgment. Defendant had ample manpower to take notes. The trial did not last inordinately long so as to preclude reliance upon a recollection of the testimony. Therefore, the clerk properly disallowed this expense. See 6 J. Moore, *Federal Practice* ¶54.77[7] at 1748 (2d ed. 1974).

The clerk taxed fees for witnesses in the total amount of $1,092.00 pursuant to 28 U.S.C. § 1920(3) (1970). Defendant claims $1,996.00. The total allowed represents fees for six witnesses comprising payments of $20.00 per day for each day's attendance and for the time necessarily occupied in going to and returning to their residences, allowance of $16.00 per day for expenses of subsistence and allowance of $20.00 for mileage. This last allowance was for the expense of transporting the out-of-town witnesses 100 miles each way at 10 cents a mile. See 28 U.S.C. § 1821 (1970). Defendant's request for payment for the actual expense of air fares was denied.

Plaintiffs make several objections to the witness costs allowed by the clerk. First, they contend that all costs should be disallowed for those out-of-town witnesses who were deposed prior to trial. This objection should be viewed in tandem with defendant's renewed request for actual costs of transportation of these and other witnesses to the District of Columbia. The live appearance of these witnesses was critical to the defendant's case since much of testimony consisted of conflicting statements about the occurrence or non-occurrence of many events. The defendant should not be penalized for securing the voluntary appearance of witnesses who were beyond the subpoena power of the Court. The circumstances justify deviation from the 100-mile rule so as to require the plaintiffs to reimburse the defendant an additional $904.00. *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 232, 234–35, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964).

Plaintiffs argue that if the fees of the several witnesses of the defendant are to be taxed at all, then they should be computed only for the day of actual trial testimony and not for any other time. Plaintiffs' interpretation of section 1920(3) is overly restrictive. Defendant has submitted a verified bill stating each witness' combined travel and actual appearance time. Recovery for both is proper. See 6 J. Moore, *Federal Practice* ¶54.77[5.–1] at 1728–29 (2d ed. 1974). In this connection, plaintiffs further argue that the allowance of a 19-day witness fee for Mr. Jack Blatt is improper because Mr. Blatt appeared primarily as a corporate representative rather than as a witness. The Court agrees. Fees may be taxed in favor of a corporation which prevails for the ap-

2. While defendant's motion is untimely under Rule 54(d), failure to file within the five-day time limit is not jurisdictional and the Court may entertain the motion. *Baum v.*

*United States*, 432 F.2d 85, 86 (5th Cir. 1970). See 6 J. Moore, *Federal Practice* ¶ 54.77[9], at 1755 (2d ed. 1974).

pearance of its corporate officers and directors. *Electronic Specialty Co.* v. *International Controls Corp.*, 47 F.R.D. 158, 161–62 (S.D.N.Y.1969); *Modick* v. *Carvel Stores of New York, Inc.*, 209 F. Supp. 361, 365 (S.D.N.Y.1962). Yet these fees like those of any witness are limited to days spent in transit, testifying or waiting to testify and not in advising counsel. *American Steel Works* v. *Hurley Construction Co.*, 46 F.R.D. 465, 468 (D.Minn.1969). Mr. Blatt travelled from Montreal, Canada, to Washington, D. C. for this trial. His testimony required one day. The Court will allow witness fees for two days in the total amount of $92.00 for Mr. Blatt.

■ Plaintiffs would have the Court disallow the witness fee attributable to Mr. Downing *in toto* because the jury was instructed to disregard a part of his testimony. That is not the proper test for the allowance of a witness fee. The fee was properly taxed. 6 J. Moore, *Federal Practice* ¶54.77[5.–1] at 1729–30 (2d ed. 1974).

■■ Plaintiff further argues that the expense of the deposition of H. Glenn Garvin should not be taxed since he did not appear and none of his deposition was used at trial. The cost of the deposition of a person who does not appear as a witness is taxable if it appeared to be reasonably necessary to the parties in the light of the particular situation existing at the time it was taken. *Semke* v. *Enid Automobile Dealers Assoc.*, 52 F.R.D. 518, 519–20 (W.D. Okl.1971); *Electronic Specialty Co.* v. *International Controls Corp., supra,* 47 F.R.D. at 162. However, if the opposing party interposes a specific objection that the deposition was improperly taken, then the cost is not taxed. *Federal Savings & Loan Ins. Corp.* v. *Szarabajka,* 330 F.Supp. 1202, 1210 (N.D.Ill.1971). Here plaintiffs successfully objected to the examination of Mr. Garvin by two counsel for the defendant during the taking of the deposition. Roughly one-half was suppressed. The claim for $958.55 will be disallowed.

■ The last contested item of costs is $477.84 for travel and subsistence expenses of defense counsel incurred in the taking of two depositions in Florida. Such expenses are not costs. *Kiefel* v. *Las Vegas Hacienda, Inc.*, 404 F.2d 1163, 1170 (7th Cir. 1968), *cert. denied,* 395 U.S. 908, 89 S.Ct. 1750, 23 L.Ed.2d 221 (1969); 6 J. Moore, *Federal Practice* ¶54.77[5.–1], at 1725 (2d ed. 1974).

The total amount of costs taxed against the plaintiffs in favor of the defendant is $1,421.00.

It is by the Court, this 19th day of June 1975,

Ordered that costs be and are hereby taxed against plaintiffs in the amount of $1,421.00.

## ON MOTION TO AMEND

■ Defendant has moved to amend this Court's Order of June 19, 1975, taxing costs in its favor to include the costs incident to the taking of the depositions of Dorothy K. Winston Ladden, Edward M. Ladden, Bruce C. Winston and Lester H. Goldberg.

The clerk allowed $2,491.55, $1,533.00 attributable to the above individuals, as costs incident to the taking of depositions pursuant to 28 U.S.C. § 1920(2) (1970). Plaintiffs contend that the depositions of those individuals who appeared at the trial were merely useful for purposes of discovery and investigation and were not reasonably necessary for the conduct of the trial. *Sperry Rand Corp.* v. *A–T–O, Inc.*, 58 F.R.D. 132, 138 (E.D.Va.1973). Those depositions were used by counsel for the defendant for preparation and not to any material extent for cross-examination and impeachment purposes at trial. The expense is not taxable. *Sper-*

*ry Rand Corp.* v. *A–T–O, Inc. supra;* 6 J. Moore, *Federal Practice* ¶54.77[4] (2d ed. 1974).

Therefore, it is by the Court, this 1st day of July 1975,

Ordered that defendant's motion to amend should be and hereby is denied.