758 F.2d 1293
 37 Fair Empl.Prac.Cas. 956,
36 Empl. Prac. Dec. P 35,121
Charlotte McDOWELL; James King; Carmen Smith; John
Nimmer; Gwendolyn Doby; Linda Nowden; Sherrill
Russ, Appellants,
v.
SAFEWAY STORES, INC., Appellee.
 No. 84-2541.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 31, 1985.
Decided April 8, 1985.
 
 John Walker, Little Rock, Ark., for appellants.
 Scotty Shively, Little Rock, Ark., for appellee.
 Before BRIGHT, McMILLIAN, and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellants appeal from the district court's award of costs to Safeway Stores, Inc. (Safeway), the prevailing party in an employment discrimination lawsuit. For reversal, appellants contend that the district court[1] abused its discretion in awarding certain costs to Safeway and in refusing to deny Safeway's request for the cost of trial transcripts. We affirm the award of costs and hold that Safeway is not entitled to reimbursement for trial transcripts.
 
 
 2
 The lawsuit for which costs were awarded was a class action brought pursuant to 42 U.S.C. Sec. 1981 alleging disparate treatment by Safeway against its black employees. On November 23, 1983, the district court entered judgment for Safeway, 575 F.Supp. 1007 affirmed 753 F.2d 716. On April 3, 1984, Safeway submitted a bill of costs amounting to $22,729.63.[2] Safeway filed two briefs in support of its bill; appellants filed two briefs in opposition. On November 7, 1984, the clerk for the United States District Court for the Eastern District of Arkansas assessed costs against appellants in the amount of $7,942.29. The clerk also filed an explanation of this taxation of costs explaining why certain costs were denied and declining to address Safeway's claim to $9,804 for trial transcripts. Appellants did not file a motion with the district court objecting to or requesting a review of the assessment of costs, but have appealed directly to this court.
 
 
 3
 Appellants allege that the district court abused its discretion in awarding any costs at all to Safeway. They also contest certain specified costs. We have carefully reviewed the record in this appeal and find no abuse of discretion in the costs awarded by the district court. Furthermore, we note that appellants failed to make a timely motion for a review of the award pursuant to Fed.R.Civ.P. 54(d). Accordingly, we affirm the award of costs.
 
 
 4
 The cost of trial transcripts may be awarded to a prevailing party if the transcripts were "necessarily obtained for use in the case." 28 U.S.C. Sec. 1920 (1982). Before awarding such costs, the court should determine that transcripts were not obtained primarily for the convenience of parties but were necessary for use in the case. Galella v. Onassis, 487 F.2d 986, 999 (2d Cir.1973); Studiengesellschaft Kohle mbH v. Eastman Kodak Co., 713 F.2d 128, 133 (5th Cir.1983). Safeway argues that transcripts were necessary to prepare proposed findings of fact and conclusions of law, which were requested by the trial judge. Our review discloses that these findings and conclusions were largely based on trial exhibits. Therefore we conclude that transcripts were not necessary and decline to award these costs.
 
 
 5
 The district court's order taxing costs against appellants is affirmed, no further costs are awarded.
 
 
 
 [1]
 The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas
 
 
 [2]
 Safeway amended this bill on May 8, 1984 to request $23,845.63