Carolyn BROWN, Jerry Zimmermann, The Gazette Company, Duane C. Spriestersbach, James Peterson, Joseph Peterson, Raymond Riezman, Jerry Full and Charles Peters, Plaintiffs,

v.

THE McGRAW–HILL COMPANIES, INC., Defendant.

No. 06–CV–34–LRR.

United States District Court, N.D. Iowa, Cedar Rapids Division.

Dec. 7, 2007.

Patrick M. Roby, Paula Lynn Roby, Elderkin Law Firm, Cedar Rapids, IA, for Plaintiffs.

J. Michael Weston, Lederer, Weston & Craig, PLC, Kevin J. Visser, Michael McDonough, Moyer & Bergman, PLC, Cedar Rapids, IA, for Defendant.

## ORDER

LINDA R. READE, Chief Judge.

### TABLE OF CONTENTS

I.  INTRODUCTION ...................................................951

II.  RELEVANT PROCEDURAL HISTORY ....................................951

III. COSTS SOUGHT ................................................951

IV. ANALYSIS ....................................................952
   A. Timeliness ...............................................952
   B. Merits of Request for Costs ...............................952
      1. Witnesses ...........................................954
         a. Rhonda May–Davis ..............................954
         b. Peter Sayeski ...................................954
         c. Edward Wright .................................954
         d. James McNeely ................................955
         e. Robert Simons ................................955
      2. Miscellaneous costs .................................957
         a. Fees of the court reporter .......................957
         b. Fees and disbursements for printing .............958
         c. Fees for exemplification and copies of papers .....958

V. CONCLUSION ................................................959

## I. INTRODUCTION

The matter before the court is Defendant The McGraw–Hill Companies, Inc.'s Motion for Bill of Costs ("Bill of Costs") (docket no. 105) and Amended Motion for Bill of Costs ("Amended Bill of Costs") (docket no. 106) (collectively "Motion").

## II. RELEVANT PROCEDURAL HISTORY

On August 15, 2007, Plaintiffs Carolyn Brown, Jerry Zimmermann, The Gazette Company, Duane C. Spriestersbach, James Peterson, Joseph Peterson, Raymond Riezman, Jerry Full and Charles Peters (collectively "Plaintiffs") filed a Second Amended and Substituted Complaint and Jury Demand ("Complaint") against Defendant The McGraw–Hill Companies, Inc. ("McGraw–Hill").

On August 29, 2007, the court granted McGraw–Hill's motion for partial summary judgment, barring Plaintiffs from seeking to hold McGraw–Hill liable or collect damages for the period of time through and including December 31, 2002. On September 25, 2007, the parties appeared before the Honorable United States Magistrate Jon Stuart Scoles and selected a jury.

Between September 26, 2007, and October 2, 2007, the parties appeared before the undersigned for a jury trial. On October 3, 2007, the jury returned a defense verdict.

On October 17, 2007, McGraw–Hill filed the Bill of Costs. On October 24, 2007, it filed the Amended Bill of Costs. On October 30, 2007, Plaintiffs filed Plaintiffs' Resistance to Defendant's Bill of Costs ("Resistance").[1]

## III. COSTS SOUGHT

McGraw–Hill seeks to have the costs listed in Table 1 taxed against Plaintiffs:

Table 1

| Explanation of Cost | Subtotals | Totals |
|---|---|---|
| Fees of the court reporter | | $ 2,854.25 |
| Fees and disbursements for printing | | $ 1,883.82 |
| Fees for exemplification and copies of paper | | $ 205.12 |
| Fees for witness Robert Simons | $ 755.00 | |
| Other costs—Robert Simons hotel | $1,318.44 | |
| Other costs—Robert Simons flight/car | $ 419.02 | |
| Total costs requested for Robert Simons | | $ 2,492.46 |

**1.** The Resistance fails to name Plaintiffs Jerry Full and Charles Peters in the caption. The court assumes this is merely a typographical error and that all nine Plaintiffs resist the Motion.

| | | |
|---|---|---|
| Fees for witness Edward Wright | $ 151.00 | |
| Other costs—Edward Wright hotel | $ 491.37 | |
| Other costs—Edward Wright flight/car | $ 855.60 | |
| Total costs requested for Edward Wright | | $ 1,497.97 |
| Fees for witness Peter Sayeski | $ 151.00 | |
| Other costs—Peter Sayeski hotel | $ 189.28 | |
| Other costs—Peter Sayeski flight/car | $1,013.27 | |
| Total costs requested for Peter Sayeski | | $ 1,353.55 |
| Fees for witness Rhonda May–Davis | $ 151.00 | |
| Other costs—Rhonda May–Davis hotel | $ 414.17 | |
| Other costs—Rhonda May–Davis flight/car | $ 455.10 | |
| Total costs requested for Rhonda May–Davis | | $ 1,020.27 |
| Fees for witness James McNeely | $ 151.00 | |
| Other costs—James McNeely hotel | $ 350.51 | |
| Other costs—James McNeely flight/car | $ 650.21 | |
| Total costs requested for James McNeely | | $ 1,151.72 |
| **TOTAL** | | $12,459.16 |

Bill of Costs (docket no. 105–2), at 1–4.

## IV. ANALYSIS

### A. Timeliness

Plaintiffs' first argument in the Resistance is that the Amended Bill of Costs is untimely. Local Rule 54.1 provides the procedure for taxation of costs. It provides, in part:

> Within 14 days after entry of judgment, a party entitled to recover costs must complete and file a form A.O. 133. Failure to file the form by this deadline constitutes a waiver of the right to have costs taxed.

LR 54.1.a.1.A.

Here, judgment entered on October 3, 2007. Therefore, the Local Rules required McGraw–Hill to file its Form A.O. 133 no later than October 17, 2007. On October 17, 2007, McGraw–Hill filed its Bill of Costs and included a Form A.O. 133. Bill of Costs (docket no. 105–2), at 1–2.

Although McGraw–Hill filed its Form A.O. 133 in a timely fashion, McGraw–Hill did complete the Form A.O. 133 before filing it. The Form A.O. 133 contains a "SPECIAL NOTE" that provides: "Attach to your bill an itemization and documentation for requested costs in all categories." *Id.* at 1 (emphasis in original). Therefore, the itemizations, which McGraw–Hill submitted as part of the Amended Bill of Costs on October 24, 2007, were untimely, and the court shall not tax such costs. *See* LR 54.1.a.1.A (stating that failure to file a timely bill of costs constitutes "waiver of the right to have such costs taxed"). The court shall deny the request for costs where McGraw–Hill submitted no timely documentation. *See* Amended Bill of Costs (docket no. 106–2), at 1 (summarizing some of the costs of witnesses Rhonda May–Davis, James McNeely and Peter Sayeski).

### B. Merits of Request for Costs

Federal Rule of Civil Procedure 54 states that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs ... should be allowed to the prevailing party." Fed.R.Civ.P. 54(d)(1); *see also* 28 U.S.C. § 1920 (defining "costs" and setting forth the categories of trial expenses available to a prevailing party under Rule 54(d)). "Rule 54 represents a codification of the presumption that the prevailing party is entitled to costs." *Martin v. DaimlerChrysler Corp.,* 251 F.3d 691, 696 (8th Cir.2001) (quotations omitted). Despite the presumption, exactly which costs will be awarded is a matter left to the discretion of the district court. *Poe v. John Deere Co.,* 695 F.2d 1103, 1108–09 (8th Cir.1982).

It is McGraw–Hill's burden to establish sufficient documentation to support its request for costs, and, in some cases, it requires a showing that the materials were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2) and (4). Title 28, United States Code, Section 1920 expressly identifies the expenses a court may tax as costs against a losing party. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). It provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under [§ ] 1923 of this title;
>
> (6) Compensation of court appointed experts . . .
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920 (emphasis in original). "The witness fee specified in § 1920(3) is defined in 28 U.S.C. § 1821. . . ." *Crawford Fitting*, 482 U.S. at 440–41, 107 S.Ct. 2494. Section 1821 provides, in part:

> (a)(1) Except as otherwise provided by law, a witness in attendance at any court of the United States . . . shall be paid the fees and allowances provided by this section.
>
> *       *       *       *       *       *
>
> (b) A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.
>
> (c)(1) A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished.
>
> *       *       *       *       *       *
>
> (3) . . . [T]axicab fares between places of lodging and carrier terminals, and parking fees (upon presentation of a valid parking receipt), shall be paid in full to a witness incurring such expenses.
>
> (4) All normal travel expenses within and outside the judicial district shall be taxable as costs pursuant to [§ ] 1920 of this title.
>
> (d)(1) A subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day.
>
> (2) A subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services, pursuant to [§ ] 5702(a) of Title 5, for official travel in the area of attendance by employees of the Federal Government. . . .

28 U.S.C. § 1821. "[T]he Supreme Court has held that *'absent explicit statutory* or contractual *authorization* for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and

§ 1920.'" *Neosho R–V Sch. Dist. v. Clark,* 315 F.3d 1022, 1031 (8th Cir.2003) (quoting *Crawford Fitting,* 482 U.S. at 445, 107 S.Ct. 2494) (emphasis added in *Neosho* ).

### 1. Witnesses

■ In accordance with 28 U.S.C. § 1821, McGraw–Hill is entitled to costs in the following amounts for each of the witnesses who testified at trial and for whom McGraw–Hill seeks reimbursement for their attendance.

#### a. Rhonda May–Davis

McGraw–Hill seeks $1,020.27 in costs for witness Rhonda May–Davis, who testified at trial on October 1, 2007. *See* Bill of Costs (docket no. 105–2), at 2 & 4; Exhibit and Witness List (docket no. 101), at 2. *Cf.* Bill of Costs (docket no. 105–5), at 3 (listing $2,007.68 in costs for May–Davis). Because McGraw–Hill has not provided documentation in a timely manner for any of the costs requested, the court shall tax only minimal costs.

The court shall award McGraw–Hill $40.00 for a witness fee, pursuant to 28 U.S.C. § 1821(b), and $172.50 for a subsistence allowance, pursuant to 28 U.S.C. § 1821(d)(1) and (2).[2]

Therefore, the court shall tax Plaintiffs a total of **$212.50** in costs for May–Davis.

#### b. Peter Sayeski

McGraw–Hill seeks $1,353.55 in costs for witness Peter Sayeski, who testified at trial on October 1, 2007. *See* Bill of Costs (docket no. 105–2), at 2 & 4; Exhibit and Witness List (docket no. 101) at 2. *Cf.* Bill of Costs (docket no. 105–5), at 3 (listing $2,910.29 in costs for Sayeski). McGraw–Hill provided timely documentation only for Sayeski's airfare in the amount of $328.80. The court shall deny the remainder of the costs for Sayeski, with the exception of the $40.00 witness fee and a $172.50 subsistence allowance. *See supra* n. 2.

As it pertains to Sayeski's airfare, the court rejects Plaintiffs' argument that McGraw–Hill has not provided documentation showing that its air travel expenses were at the most economical rate reasonably available. *See* 28 U.S.C. § 1821(c)(1) (allowing the actual costs of travel by common carrier, so long as evidence of actual costs is furnished to the court and so long as the witness "utilize[s] a common carrier at the most economical rate reasonably available"). McGraw–Hill provided five pages of documentation regarding Sayeski's flight on American Airlines. Bill of Costs (docket no. 105–5), at 4–8. The documents show that Sayeski flew in the airline's "economy" seating, and his round-trip ticket cost $286.51 plus tax, a reasonable rate.

Therefore, the court shall tax Plaintiffs a total of **$541.30** in costs for Sayeski.

#### c. Edward Wright

McGraw–Hill seeks $1,497.97 in costs for witness Edward Wright, who testified at trial on October 1 and 2, 2007. *See* Bill of Costs (docket no. 105–2), at 2 & 4; Exhibit and Witness List (docket no. 101), at 2. *Cf.* Bill of Costs (docket no. 105–5), at 2–3 (listing $2,982.62 in costs for Edward Wright). McGraw–Hill has not provided the court with documentation for most of

---

**2.** McGraw–Hill requested a $111.00 subsistence allowance and also itemized several "hotel" and "meals alone" amounts for May–Davis. McGraw–Hill failed to provide documentation for any of the requested costs. Therefore, the $172.50 total subsistence allowance derives from the following: one day of the daily Fiscal Year 2008 "Max Lodging" rate ($75.00); one day of the daily Fiscal Year 2008 "M & IE" rate ($39.00); and two days of the daily Fiscal Year 2008 "First & Last Day (75 % of M & IE)" rate ($29.25). *See U.S. Gen. Servs. Admin. Domestic Per Diem Rates, available at* http://www.gsa.gov (last visited Dec. 3, 2007).

the costs it requests. Therefore, such costs shall be denied, even though § 1821 authorizes the assessment of costs, such as taxi and parking expenses. *See* 28 U.S.C. § 1821(c)(3).

Plaintiffs again argue that McGraw–Hill is not entitled to air travel expenses, because it failed to show the costs were in compliance with § 1821(c)(1). Resistance (docket no. 107), at ¶ 6. The court rejects this argument as to Wright. McGraw–Hill provided documentation for two airline tickets for Wright—one that cost $483.60 and one that cost $372.00 (including a $100.00 exchange fee). The former ticket was credited when McGraw–Hill purchased the latter ticket after the court's calendar changed. Wright flew in the "coach" class from Rochester, New York, to Cedar Rapids, Iowa. The court finds the $372.00 rate reasonable, and it shall be taxed as costs.

Plaintiffs next argue that McGraw–Hill is not entitled to costs for lodging for its witnesses, partially because such costs are not "taxable per se" and partially because the hotel claims duplicate the subsistence claims. The court has discretion as to whether to award costs for lodging. *See Winter v. Cerro Gordo County Conservation Bd.*, 925 F.2d 1069, 1074 (8th Cir. 1991) (affirming the district court's award of $5,343.62 for expenses and its refusal to "award expenses for telephone calls, expert witnesses, travel, photocopies, food and lodging, computer legal research, depositions, and filing fees" in a case where a civil right claimant was partially successful). The Bill of Costs states that $491.37 was for "lodging" for September 30, 2007, through October 2, 2007. *See* Bill of Costs (docket no. 105–2), at 4; *id.* (docket no. 105–5), at 2. However, when the court examined the Marriott hotel bill for those

dates (docket no. 105–5, at 13), it is clear that the actual costs of the room and taxes totaled only $378.56. The court shall award $378.56 in costs for lodging (representing two nights at a rate of $189.28 per night), but it shall not tax a lodging fee of $75.00. *See supra* n. 2.

Therefore, for Wright, the court shall tax Plaintiffs $372.00 in airfare costs, $378.56 in costs for lodging (two nights at $189.28 per night), $80.00 for witness fees and $136.50 for a subsistence allowance.[3]

Therefore, the court shall tax Plaintiffs a total of **$967.06** in costs for Wright.

### d. *James McNeely*

McGraw–Hill seeks costs of $1,151.72 for witness James McNeely, who testified at trial on October 2, 2007. *See* Bill of Costs (docket no. 105–5), at 2; Exhibit and Witness List (docket no. 101), at 2. *Cf.* Bill of Costs (docket no. 105–5), at 2 (listing $4,073.71 in costs for McNeely). McGraw–Hill provided absolutely no timely documentation for any of these costs. Thus, the court shall tax Plaintiff with a $40.00 witness fee and a $172.50 subsistence allowance. *See supra* n. 2. All of the other requests for costs concerning McNeely shall be denied.

Therefore, the court shall tax Plaintiffs a total of **$212.50** in costs for McNeely.

### e. *Robert Simons*

McGraw–Hill seeks a total of $2,492.46 in costs for witness Robert Simons, who testified at trial on October 1, 2007. *See* Bill of Costs (docket no. 105–2), at 2 & 4; Exhibit and Witness List (docket no. 101), at 2. McGraw–Hill's timely documentation includes two statements from the Marriott Hotel: (1) for the dates of September 24, 2007, to September 28, 2007, in the amount

---

**3.** This $ 136.50 total subsistence allowance represents two days at the daily Fiscal Year 2008 "M & IE" rate ($39.00) and two days at the daily Fiscal Year 2008 "First & Last Day (75% of M & IE)" rate ($29.25). *See supra* n. 2.

of $872.81, and (2) for the dates of September 30, 2007, to October 2, 2007, in the amount of $561.32. Bill of Costs (docket no. 105–5), at 9 & 11. McGraw–Hill also provided the court with a receipt from the Hertz Rental Car Company in the amount of $391.52, representing two weeks of charges for a rental car. *Id.* at 10. With the exception of the witness fees and subsistence allowance, each of the other requested costs are not properly documented, and, therefore, they shall be denied as untimely.

Plaintiffs argue that McGraw–Hill cannot be reimbursed for any of Simons's costs, because he was McGraw–Hill's corporate representative. District courts within the Eighth Circuit have denied the costs associated with a corporate representative witness. *See Freeman v. Caterpillar Indus., Inc.,* No. 3:02–CV–00039 GTE, 2007 WL 2230766, * 3 (E.D.Ark. July 30, 2007) (denying costs for trial attendance, witness fees, airfare and hotel rooms for a certain defense witness, because the witness "served the dual role of [the defendant's] expert witness and corporate representative"). However, other courts in the Eighth Circuit have assessed such costs. *See West Corp. v. AT&T Corp.,* No. 8:05CV88, 2007 WL 1246446, *2 (D.Neb. Apr.27, 2007) (finding that an employee of the corporate defendant who testified as a fact witness had an "interest in the litigation that was no more than a natural concern for the welfare of the [d]efendant"); *see also Am. Steel Works v. Hurley Const. Co.,* 46 F.R.D. 465, 468 (D.Minn.1969) (finding that the costs of employee-witnesses were recoverable, including the day the witnesses testified, as well as "time coming and going"). Courts differentiate between time a corporate representative

spends testifying or preparing to testify versus days he or she spends advising trial counsel. *See Dorothy K. Winston & Co. v. Town Heights Dev., Inc.,* 68 F.R.D. 431, 433–34 (D.D.C.1975) ("Fees may be taxed in favor of a corporation which prevails for the appearance of its corporate officers and directors. Yet these fees like those of any witness are limited to days spent in transit, testifying or waiting to testify and not in advising counsel." (Citations omitted.)).

The court finds that Plaintiffs may be taxed for a portion of Simons's costs. Simons testified during one of the five days that he was present at defense table. Therefore, the court shall award costs for the hotel room and tax for only two nights. The nightly room cost was $189.28 (including city and state taxes), and, therefore, the court shall assess $378.56 for Simons's lodging costs. The court shall assess a subsistence allowance of $97.50.[4] It shall assess one day, rather than five days, of witness fees, resulting in an additional $40.00.

Plaintiffs also briefly argue that McGraw–Hill cannot collect "car rental costs ... because such costs are not recoverable under 28 U.S.C. § 1920." Resistance (docket no. 107), at ¶ 5. Section 1920(3) allows for witness fees and § 1821(c)(2), in turn, provides for a travel allowance for witnesses who travel by "privately owned vehicle." 28 U.S.C. § 1821(c)(2). The Hertz receipt submitted by McGraw–Hill shows that, in the time that Simons had possession of the rental vehicle, he drove 496 miles. Bill of Costs (docket no. 105–5), at 10. It also shows a $391.52 rental charge for the period from September 24, 2007, through October 3, 2007.[5] Effective February 1, 2007, the

---

4. The $97.50 total subsistence allowance represents one day at the daily Fiscal Year 2008 "M & IE" rate ($39.00) and two days at the daily Fiscal Year 2008 "First & Last Day

(75% of M & IE)" rate ($29.25). *See supra* n. 2.

5. The court shall not award any costs for gasoline for the rental car, because McGraw–

mileage rate for privately owned vehicles established by the U.S. General Services Administration was $.485 per mile. *See U.S. Gen. Servs. Admin. Privately Owned Vehicle (POV) Mileage Reimbursement Rates, available at* http://www.gsa. gov (last visited Dec. 3, 2007). Had Simons driven his private vehicle to and from his home in Illinois, McGraw–Hill could have collected $240.56 for the 496 miles he drove. Therefore, that is the amount the court shall tax.

Therefore, the court shall tax Plaintiffs a total of $756.62 in costs for Simons.

### 2. Miscellaneous costs

█ In addition to the witness-related costs, McGraw–Hill seeks costs for the fees of the court reporter, fees and disbursements for printing, and fees for exemplification and copies of papers necessarily obtained for use in this case. *See* Table 1, *supra* Part III. Because Plaintiffs contest each of McGraw–Hill's requests, the court shall address them in turn.

### a. Fees of the court reporter

McGraw–Hill seeks $2,854.25 in costs for the fees of the court reporter. That total represents $1,147.50 for the depositions of Plaintiffs Brown and Zimmermann, $50.75 for the video deposition of John Campbell, $85.75 for the transcript of the deposition of Campbell, and $1,570.25 for the Realtime Trial Transcripts. McGraw–Hill provides a receipt for each of these fee requests.

Plaintiffs contests each request. They argue that the Realtime Trial Transcripts are a luxury for counsel that were not necessary for use in the case. Resistance (docket no. 107), at ¶ 9. They also argue that the discovery depositions should not be taxed, because McGraw–Hill "did not

make any substantial use of these depositions at trial." *Id.* at ¶ 10.

The court "may tax as costs ... [the][f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2).

> The determination of necessity must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use. In other words, the underlying inquiry is whether the depositions reasonably seemed necessary at the time they were taken.

*Zotos v. Lindbergh Sch. Dist.,* 121 F.3d 356, 363 (8th Cir.1997) (internal citations and quotations omitted). Depositions taken purely for investigative reasons will not be deemed "necessary." *Id.; see also Smith v. Tenet Healthsystem, SL, Inc.,* 436 F.3d 879, 889 (8th Cir.2006) ("Even if a deposition is not introduced at trial, a district court has discretion to award costs if the deposition was necessarily obtained for use in a case and was not purely investigative." (quotations and modifications omitted)); *Koppinger v. Cullen–Schiltz & Assocs.,* 513 F.2d 901, 911 (8th Cir.1975) (affirming the district court's tax of costs for depositions that were not used in trial and quoting the district court as stating: "Under the circumstances which existed in this case where defendants were reluctant to stipulate as to any material fact and extensive discovery was taken by all parties, the court feels that the deposition costs were proper.").

Plaintiff's entire case turned on the testimony of Brown and Zimmermann. It is difficult for the court to understand how Plaintiffs can argue that their depositions

---

Hill did not provide appropriate documentation of such costs. It merely stated that "Car Rental Gas" totaled $27.50.

were not necessary to the case. The court can think of no two witnesses who were more essential to the case, and it finds that their depositions were, at the least, "reasonably necessary" to the case. The court shall tax costs in the amount of $1,147.50 for the transcripts of the depositions of Brown and Zimmermann.

The court also finds that the videotaped deposition of John Campbell was necessary to the case. At the time his deposition was taken (about four months prior to the trial date), the parties anticipated his unavailability at trial. Indeed, on September 27, 2007, during trial, Plaintiffs introduced John Campbell's deposition due to his unavailability. Therefore, the videotape and transcript of his deposition were reasonably necessary to the case. The court shall tax costs in the amount of $136.50 for his deposition.

Finally, the court shall not tax the cost of the Realtime Trial Transcripts. The court finds these transcripts were obtained for the convenience of McGraw–Hill's attorneys, and they were not necessary for use in the case. *See McDowell v. Safeway Stores, Inc.*, 758 F.2d 1293, 1294 (8th Cir. 1985) (affirming the district court's order taxing costs where the district court declined to award the cost of trial transcripts because the "transcripts were not necessary" because the proposed findings of fact and conclusions of law "were largely based on trial exhibits").

In sum, the court shall tax Plaintiffs $1,284.00 for the fees of the court reporters in this case.

### b. Fees and disbursements for printing

McGraw–Hill seeks $1,883.82 for fees and disbursements for printing. *See* Bill of Costs (docket no. 105–2), at 1 & 3; *see also* 28 U.S.C. § 1920(3) (allowing such fees).

Plaintiffs argue that these costs should be denied, because McGraw–Hill "did not provide any explanation of what was being copied or how it used the copies in the trial of this case." Resistance (docket no. 107), at ¶ 8. Plaintiffs argue that "[p]hotocopy charges are allowed only if they were necessary for discovery and for trial presentation, but not if they were for the convenience, preparation, research, or records of counsel." *Id.* (quotations omitted).

" 'A prevailing party is presumptively entitled to recover all of its costs.' " *168th & Dodge, LP v. Rave Reviews Cinemas, LLC*, 501 F.3d 945, 958 (8th Cir.2007) (quoting *In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir.2005)). McGraw–Hill has provided detailed receipts for the photocopy charges it seeks. *See* Bill of Costs (docket no. 105–4), at 2–8. The only charge that the court finds unnecessary is a $150.00 "Rush Priority" charge. *See id.* at 8 (Budget Copies receipt). The court shall reduce the cost for fees and disbursements for printing by $159.00, which represents the $150.00 amount plus taxes.

For the foregoing reasons, the court shall tax Plaintiffs **$1,724.82** for fees and disbursements for printing.

### c. Fees for exemplification and copies of papers

McGraw–Hill seeks $205.12 for fees for exemplification and copies of papers necessarily obtained for use in the case. *See* Bill of Costs (docket no. 105–2), at 1 & 3. Such costs were incurred for black and white paper scanning and color paper scanning. *See id.* (docket no. 105–4), at 10.

Plaintiffs argue that such costs should be disallowed because "there is nothing in the cost rules that would allow [McGraw–Hill] to incur additional expense to present exhibits in a particular form that require scanning." Resistance (docket no. 107), at ¶ 11.

Section 1920 allows for "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The court finds that the electronic scanning of documents is the modern-day equivalent of "exemplification and copies of paper," and, therefore, can be taxed pursuant to § 1920(4). *See BDT Prods., Inc. v. Lexmark Int'l, Inc.,* 405 F.3d 415, 420 (6th Cir.2005) (finding no abuse of discretion in the district court's taxing of copying costs and stating that "electronic scanning and imaging could be interpreted as 'exemplification and copies of papers'" (quoting 28 U.S.C. § 1920(4))).

The court shall tax Plaintiffs $205.12 for fees for exemplification and copies of papers necessarily obtained for use in the case.

## V. CONCLUSION

For the foregoing reasons, the court hereby **ORDERS:**

(1) McGraw–Hill's Bill of Costs (docket no. 105) is **GRANTED IN PART** and **DENIED IN PART**;

(2) McGraw–Hill's Amended Bill of Costs (docket no. 106) is **DENIED**; and

(3) Based on Part IV.B herein, Plaintiffs are directed to reimburse McGraw–Hill $5,903.92 in costs, pursuant to Federal Rule of Civil Procedure 54 and 28 U.S.C. §§ 1821 and 1920.

**IT IS SO ORDERED.**